Judge Roane
delivered the opinion of the court:
The court is of opinion, that as the treasury note isa question is, by the act of Congreso, providing for its emission, transferable by delivery and assignment only, it could not have been transferred originally, without such an assignment. A property In it could not have been acquired us against the true owner, by a mere possession thereof, even for a valuable consideration actually paid. This privilege only attaches as against the true owner, in relation to bank notes, or cash notes payable to bearer, or notes endorsed in blank, and which thereby become. Ik effect, payable to the bearer : and it only attaches in consideration of the cash quality which these papers have, and from their circulating in currency by mere delivery *14 0il^’ ar>d being generally, if not universally, considered, as money. This ground of claim was sanctioned in favor of the bona jide holder of such papers, in the case of Wilson vs. Ricker.(a) But, it was also held that it did not extend to include military certificates, which were only considered as mere documents of debt, and not as cash or currency. It did not include them, although it was found by the verdict in that case, that there was a general custom that they could be transferred by delivery only, without assignment. No such custom is found in relation to the note in question j and, therefore, that case is more than an authority for ousting this note from the privilege now claimed. In this respect, this case is much weaker than that of Wilson and Rucker j and considered in relation to its original state, the claim of the appellee would be clearly repelled.
The court is also of opinion, that this character of the paper was not changed by the endorsement of Barbour to Rowland, or his order: and if a greater negotiability should be held to have been given to it by the blank endorsement of the latter, that negotiability might be again restrained by a special endorsement, and the note thereby brought back to its original state. The endorsement to the Cashier of the Bank at Newbern “ or his order,” is not different from that of Barbour to Rowland “ or his order,” which preceded the blank endorsement of the latter, and, as is before said, transferred no property by a mere delivery. The case of Ancker vs. The Bank of England ;(b) shews, that such a restriction may be made that the negotiability of a bill or note may be stopped or lessened; and that, in case of a special or restricted endorsement, the receiver is bound to read it at his peril, and see that he comes within the authority comprized in it. In the case before us, the appellee should have deduced ids title to the note under that cashier to whom it was confided and endorsed. He could acquire no property in it *15 from another; from a man who only had the possession °f it. He therefore had no right to strike out the last endorsement, but that right appertained to the present appellanls; and by striking out the name of the cashier at Newhern, to whose hands it had never come, and who was to be the mere agent of the appellants, they entitled themselves to bring this action.
We are therefore of opinion, that the law on this special verdict is for the appellants, and that the judgment of the Superior Court is erroneous and should be reversed, and entered for the appellants.

 1 Call, 500.

 Doug. 637.