# WHEELING.

RIDDLE *v.* CORE.

Submitted August 10, 1882—Decided April 21. 1883.

(\*WOODS, JUDGE, Absent.)

1. Where in an action of covenant for breach of warranty of title the declaration sets out the making of the deed and the general warranty of title therein contained, and no plea of *non est factum* is pleaded, but the only pleas are "covenants performed" and covenants not broken, the making of the deed and the warranty are admitted by the pleadings, and no proof thereof is necessary. (p. 533.)

2. On a demurrer to evidence the only question for the consideration of the court is, whether the evidence supports the issue. (p. 533.)

3. After joinder in the demurrer the general practice is for the jury to assess conditional damages. (p. 533.)

4. A new trial, in such a case, because the verdict is excessive, can as in other cases only be had upon *motion*, as the court is not bound *ex mero motu* to grant a new trial. The Appellate Court cannot grant a new trial without such motion in the inferior court. (p. 533.)

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Ritchie, rendered on the 2d day of November, 1881, in an action at law in said court then pending, wherein Eleven Riddle was plaintiff, and Andrew S. Core was defendant, allowed upon the petition of said Core.

Hon. Thomas J. Stealey, judge of the fourth judicial circuit, rendered the judgment complained of.

The facts in the case are stated in the opinion of the Court.

*W. L. Cole* and *W. U. Miller* for plaintiff in error.

*P. W. Morris* for defendant in error cited the following authorities: 10 W. Va. 546; Douglass 218, 224; 3 Tuck. Com. 290, 291; 2 Campbell 519; 2 Greenleaf (2d ed.) 223; 1 Chitty 482; 2 Starkie (7th ed.) 342–3; 6 Munf. 322; Code

---

\*Case submitted before Judge W. took his seat on the bench.

633; 6 W. Va. 508; 8 W. Va. 515, 605; Rob. Forms 99; 1 Saunders (5th ed.) 1103; Bullers N. P. 314; 2 H. Bl. 208.

JOHNSON, PRESIDENT, announced the opinion of the Court:

In the circuit court of Ritchie county at June rules 1881 the plaintiff, Eleven Riddle, filed his declaration in covenant against A. S. Core, claiming damages for breach of warranty of title to a tract of two hundred and seventy-five acres of land. The declaration contains six counts varying but little from each other. It alleges the making of the deed, the consideration therefor, four hundred dollars, the covenant of general warranty, which is set out in the declaration, the breach of the covenant by the eviction of the plaintiff from the land so purchased, by judicial proceedings, and the claim for damages. The defendant demurred to the declaration, which was overruled, and he thereupon pleaded "covenants performed," and "covenants not broken." After the plaintiff had introduced his evidence the defendant, by counsel, demurred to the evidence, thereupon the jury rendered a conditional verdict for six hundred and sixty-five dollars and sixty-eight cents.

On the 2d day of November, 1881, judgment was rendered upon the demurrer to the evidence in favor of the plaintiff, and for the amount of the verdict with interest from date of judgment. To this judgment the defendant obtained a writ of error. The defendant in error here insists, that there was no demurrer to the evidence in the case. In this he is clearly mistaken as the order showed, that the defendant demurred to the evidence, and that the plaintiff joined therein, and a demurrer accompanies the certified record, which we must presume is the identical demurrer filed.

The first error assigned is to the overruling of the demurrer to the declaration. No grounds are assigned for this error, and we see none on inspection of the declaration; the demurrer was therefore properly overruled.

It is also assigned as error in the court deciding the demurrer for plaintiff, that there was no evidence tending to show, that the land mentioned in the record of eviction is the land mentioned in the declaration. This assignment is not insisted upon nor even mentioned in the argument for

plaintiff in error. A jury would certainly have been justified in inferring, at least from the evidence, that it was the same land. But it is insisted here in argument, that the demurrer should have been decided in favor of plaintiff in error, because the deed containing the warranty for breach of which the action was brought was not introduced in evidence. This is true, if under the pleadings in the case the plaintiff could not succeed without proof of that material fact. But was the plaintiff under the pleadings called upon to prove the covenant? Did his pleas admit the covenant sued upon?

Mr. Greenleaf, 2 Ev. § 233, says, "in covenant by the common law there is *no general issue* or plea, which amounts to a general traverse of the whole declaration, and of course obliges the plaintiff to prove the whole; but the evidence is strictly confined to the particular issue, raised by a special plea." In § 234 he says, "if the deed is not put in issue by the plea of *non est factum*, the defendant by the rules of the common law is understood *to admit so much of the deed* as is spread upon the record."

In *Williams* v. *Sills*, 3 Campbell 519, the action was *covenant* for not keeping premises in repair. The only pleas were performance and a *license*. For the purpose of showing the words of the covenant more fully than they were stated in the declaration, the plaintiff's counsel put in the deed, which they contended they had the right to introduce without proving it by the subscribing witnesses, there being no plea of *non est factum*. Lord Ellenborough said: "The defendant by refraining from the plea of *non est factum* has only admitted so much of the deed as is expanded upon the record, and if the plaintiff would avail himself of any other part of the deed, he must prove it by the attesting witnesses in the common way. I know not at present, that the instrument produced was ever executed by the defendant, although it partly agrees with that which the plaintiff has declared upon." By not pleading *non est factum* in this case, and pleading covenants performed, the defendant admitted the deed and covenant therein as set out in the declaration; that is he admitted the making of the deed as it is therein set out and the covenant of "general warranty" therein contained. The deed is very

fully set out in the declaration, even to the description of the land therein conveyed by metes and bounds. It being thus admitted by the pleadings it was not necessary for the plaintiff to prove it.

The only other error complained of is, that the judgment was for too large a sum. The judgment was according to the finding of the jury. No motion was made to set it aside. In *Humphrey's administrator* v. *West's administrator*, 3 Rand. 516, the court held: "That the only question for its consideration on a demurrer to evidence is, whether the evidence supports the issue or not; and the judgment is, that it does or does not support it. After the demurrer is joined the jury may either be discharged, and if the judgment be, that the evidence does support the issue, a writ of enquiry of damages is awarded, or the jury then empaneled, may assess conditional damages." But in either case the question of damages is with the jury, not with the court; subject as in all other cases to the supervising control of the court to grant a new trial in case the damages are excessive. That however rests with the court before whom the trial was had, and that too upon a motion to that court for a new trial; there being no case, in which that court is bound *ex mero motu*, to grant a new trial and subject the defendant without his consent to greater damages. The appellate court cannot grant such new trial, for that would be to reverse the judgment of an inferior court on a motion for a new trial here, which was not made to that court, and of course on a matter in which that court, committed no error. The law as thus laid down has never been questioned in Virginia or in this State.

The general practice now is, when there is a demurrer rer to the evidence and joinder therein, for the jury at once to assess conditional damages; and for the court upon deciding the demurrer, if it finds the law for the plaintiff and that the evidence supports the issue, to enter up judgment for the amount found by the jury; but if otherwise the judgment is for the defendant. This Court cannot look into the demurrer to the evidence to see whether the damages assessed by the jury were excessive, in the absence of a motion made in and overruled by the trial court to set aside the verdict and grant a new trial.

The evidence in this case supports the issue, and the demurrer was rightly decided, and judgment was properly rendered for the amount of damages assessed by the jury. The judgment of the circuit court is affirmed with costs and damages according to law.

JUDGES GREEN AND SNYDER CONCURRED.

JUDGMENT AFFIRMED.