# CHARLESTOWN.

### STATE FOR USE, &c., *v.* PHARES.

Submitted June 16, 1884—Decided September 27, 1884.

(*WOODS, JUDGE, Absent.)

1. In an action on a sheriff's bond, executed under the statute in force in 1862, it is not necessary, that the declaration should allege, that the levy, which the sheriff was charged with collecting and failing to pay over to the party entitled to receive it, was made by a majority of the justices of the county, or that they had all been summoned to attend the court, at which the levy was made. If the failure to summon the justices or the fact, that a majority of the justices were not present, when the levy was laid, could avail the defendant, it must be relied on as a defence. (p. 659.)

> *Quære :*   Can a sheriff, who has collected an illegal levy, which was not superseded by the tax-payers in the mode prescribed by the statute, and which was voluntarily paid by the tax-payers, keep it in his pocket and refuse to pay it because it was illegal?   (p. 659.)

2. In a declaration on an official bond of a sheriff it is not necessary to allege the non-payment of the penalty of the bond by the obligor; it is sufficient in the assignment of the breach to allege the non-payment of the sum demanded by the principal in the bond, whose duty it was to pay it.   (p. 660.)

3. In a case tried by a jury, no matter how many exceptions are taken to rulings of the court made during the trial, unless a motion is made before the trial-court to set aside the verdict, and that motion is overruled, all such errors saved will by the appellate court be deemed to have been waived.   (p. 661.)

---

*Counsel below.
83

4. A new trial for errors committed during trial can only be had after motion made in the trial-court and overruled ; as this Court will not *ex mero motu* grant a new trial in case no such motion was made in the court below. (p. 661.)

The facts of the case appear in the opinion of the Court.

*G. D. Camden* and *C. J. P. Cresap* for plaintiff in error.

*Martin & Woods* for defendant in error.

JOHNSON, PRESIDENT :

The plaintiff, State of West Virginia, successor to the commonwealth of Virginia for the use of William C. Price in November, 1871; brought its action of debt in the circuit court of Randolph county against Jesse F. Phares, late sheriff of said county, and sureties for a breach of his official bond; the writ was returned executed as to said Jesse F. Phares and Benjamin Phares, one of the said sureties, and, the bond being joint and several, the declaration was filed against the said two defendants. They appeared and demurred to the declaration; and the court overruling the demurrer, they pleaded covenants performed and five special pleas, to all of which the plaintiffs replied. The defendants tendered another special plea in these words : "And the defendants for further plea say, that the county court of Randolph county was not so constituted and empowered as to lawfully lay the county levy of the said county, and did not on the said July 24, 1862, lay a lawful levy for the said county of Randolph for the year 1861 and lawfully direct the sheriff to collect the same and out of the proceeds pay to the plaintiff the said sum of two hundred and ninety-seven dollars; and this they are ready to verify, &c." This plea being objected to by the plaintiff, the objection was sustained; and the court refused to permit the same to be filed, and the defendants excepted. The defendants saved also a second exception to the introduction in evidence of the bond sued on. They also saved a third exception to the introduction in evidence of certain orders of the county court. The jury, before whom the issues were tried, on the 16th day of May, 1879, rendered a verdict in favor of the plaintiff against the defendants for four hundred

and nine dollars and twenty-eight cents, upon which the court entered judgment.

To this judgment the defendants obtained a writ of error and *supersedeas*

The first error assigned is, the overruling of the demurrer to the declaration, because, first, the action could not be maintained in the name of the State of West Virginia, successor to the commonwealth of Virginia. There is nothing in this assignment of error, as the action in this form is expressly authorized by section 2, chapter 10 of the Code, under which the action was brought.

The second ground of demurrer is, that the declaration does not allege, that the order of the county court directing the county levy to be laid and collected was made by a court composed of a majority of the justices of the county, or that the justices had been personally summoned to attend to act upon the matter of the levy. Nor does it show for what purpose the allowance was made to said Price, as required by section 3 of chapter 53 of the Code of 1860. This section provides: "Annually in May or June, or as soon thereafter as may be, the court of each county, when a majority of the acting justices of the county are present, or when the justices have been summoned to attend to act upon the matter, shall make up in its minutes an account of all sums lawfully chargeable on the county, which ought to be paid within one year, stating for what, how much, and to whom such payment is to be made, and after taking into view whatever balance may appear due from the sheriff or collector and all other sums due to the county, which can be collected within one year, shall order a levy" &c. The declaration alleges in assigning the breach, that "at a county court held for the said county of Randolph at Beverly in said county on the 24th day of June, 1861, and by the justices of the said county court an order was made allowing the said William Price the sum of two hundred and ninety-seven dollars, which was duly levied for by the said county court" &c. It is not necessary in a declaration against a sheriff and his sureties for failing to pay money collected upon a levy to allege, that a majority of the justices were present, when the levy was made, or that they had been

summoned to attend the court, at which the levy was to be made. If in the particular case the fact that a majority of the acting justices were not present, when the levy was laid, can be relied on by the defendant he must do so in his defence. If the declaration alleges that the levy was duly made, it will be presumed, that the court followed the law in laying the levy. For myself I have grave doubts, whether in a case like this, even if the levy were illegal by reason of a majority of the justices not being summoned to attend the court or not being present when the levy was laid, a sheriff or his sureties could avail themselves of that fact as a defence, when the levy had not been superseded under the statute, nor the collection of the tax enjoined but acquiesced in by the tax-payer, and the levy paid to the sheriff. Unless the tax-payer could sue him and receive back the illegal tax so paid, he the sheriff would certainly have no right to keep the money in his own pocket and excuse himself from paying it over on the ground that the tax was illegally laid. Neither was it necessary, that the declaration should allege for what the claim was allowed to the plaintiff.

The third ground of demurrer is, that the declaration does not allege, either that the money due to Price was not paid to him by the other obligors in the bond, or that the forfeited penalty of the bond was not paid by said obligors. In actions on common penal bonds for the payment of money, or for the performance of some specific duty to any private person, it is necessary in the declaration to aver the non-payment of the penalty, as well as the breach of the condition, and such are all the forms; but a sheriff's official bond is made for a different purpose and is subject to a different rule. Official bonds are made to the State for the benefit of all persons who may be aggrieved by the negligence or malconduct of the officer. No man in the State is competent to receive the amount of such bond; no payment to any man in the State would exonerate the officer or his sureties, and it is therefore unnecessary to aver in the declaration the nonpayment of the penalty. (4 Rob. Prac. 109; *Reynolds* v. *Hurst*, 18 W. Va. 648). It was not necessary that the declaration should allege the nonpayment of the penalty by the obligors. The declaration in the assignment of the breach

does allege non-payment to Price, and this was sufficient.

It is also assigned as error, that illegal evidence was admitted. The plaintiff in error cannot avail himself of this exception. He made no motion in the court below to set aside the verdict of the jury; and the court below as well as this Court may well suppose he was satisfied with the verdict. Had he moved to set aside the verdict, on the ground that the allegation and proof did not agree, it is very probable the court would have granted his motion. In a case tried by a jury no matter how many errors are saved, and exceptions taken to the ruling of the court during the trial, unless a motion is made to set aside the verdict, and that motion is overruled, all such errors saved will by the appellate court be deemed to have been waived. The rulings of the court during the trial are often necessarily hastily made, and if a motion is made for a new trial on the ground of erroneous rulings made at the trial, the court may at his leisure critically review his rulings, and, if convinced that they were erroneous, will correct them in the only manner he can by setting aside the verdict and granting a new trial, and thus save to the parties the expense of a writ of error. It would be unfair to the trial-judge not to give him an opportunity to correct his rulings, if the exceptor is not satisfied with the verdict and intends to take his writ of error. The exceptions taken during the course of the trial are conditional. The exceptor will take advantage of them, provided he is not satisfied with the verdict. If dissatisfied, he will move to set it aside; and if his motion is overruled, he will except; but if satisfied, he makes no such motion, acquiesces in the verdict and waives his exceptions. He may be satisfied with the verdict at the time, for the reason that he would have no hope of changing it to his advantage by a new trial. It would certainly be unfair, in the absence of a motion to set aside the verdict, and after considerable time had elapsed, and the chief witnesses of his adversary dead, to permit him to have erroneous rulings during the trial reversed, after he had by his own action at the rendition of the verdict given his adversary to understand, that he acquiesced in the verdict. A new trial for errors committed during the trial can only be had after motion made in the court below and overruled,

as this Court will not *ex mero motu* grant a new trial in case no such motion was made in the court below. (*Humphreys v. West,* 3 Rand. 516; *Miller* v. *Shrewsbury,* 10 W. Va. 115; *Riddle* v. *Core,* 21 W. Va. 530.) Of course it is different if the error is in the pleadings, as in such case there was a mistrial.

The judgment of the circuit court is affirmed with costs and damages according to law.

AFFIRMED.