# WHEELING.

SAMMONS & PIERCY'S EX'RS. *v.* HAWVERS.

Submitted January 15, 1885.—Decided April 11, 1885.

*(SNYDER, JUDGE, Absent.)

1. When an action is brought on a bond, and the defendants plead payment and usury only, they are entitled to open and conclude the argument to the jury. (p. 680.)

2. Where the defendant is denied the right in the trial-court to open and conclude the argument, the presumption is that he was prejudiced by such denial, and the judgment will be reversed, unless it clearly appears from the record, that he could not have been prejudiced thereby. But unless such defendant moves to set aside the verdict in such case and, such motion being overruled, excepts, he will in the Appellate Court be deemed to have waived his right. On the overruling of the motion for a new trial, if he does not have the facts certified, the other party may insist that the bill of exceptions shall certify the facts, so as to show that the party was not injured by such denial. (p 681.)

The opinion of the Court contains a statement of the facts in the case.

*R. F. Dennis* and *J. W. Davis* for plaintiffs in error.

*J. W. Harris* for defendants in error.

JOHNSON, PRESIDENT:

This is a writ of error to a judgment of the circuit court of Greenbrier county. The plaintiffs brought their action of debt on a bond signed by defendants for $980.00. The defendants pleaded payment and usury, to which plea the plaintiffs replied generally. There was a verdict and judgment for the full amount of the bond and interest.

The plaintiffs first stated their case to the jury and the defendants stated their case, and when the plaintiffs began to read their bond to the jury the defendants' attorney claimed the right to open and conclude the case, but the court refused to allow them this right, on the ground that they were too

*Counsel below.

late in claiming it and had thus waived it, and the defendants excepted.

After the evidence was all introduced, the defendants moved the court to permit them to open and conclude the argument to the jury, which motion was overruled, and the defendants again excepted. An instruction was given at the instance of the defendants, to which plaintiffs excepted, and two were given for plaintiffs, to which the defendants excepted. The defendants moved the court to set aside the verdict and grant them a new trial, on the ground that the verdict was contrary to the law and the evidence and also on the ground of after-discovered evidence, and filed two affidavits in support of the last ground. The court overruled the motion and the defendants again excepted. The facts are all certified in the bill of exceptions.

First. Did the court err in refusing to set aside the verdict as against the evidence? The bond was read to the jury, then the evidence showed that Sammons, one of the plaintiffs, lived within a mile and a-half of George Piercy, the plaintiff's testator, was intimate with him and often talked to him about his business; that some time before the war he had a conversation with him about a bond he held on S. P. Hawver, one of the defendants; that he in that conversation urged George Piercy to sue on the bond, as so many now were failing, that Piercy replied by saying: "There is something about the bond you don't know; there is usury in it. I loaned the money at eight *per cent.* interest; said Piercy further said that Hawver had tried to borrow from John Piercy, father of said George, but had been refused; that Hawver then told him, said George Piercy, that if he would get the money from his father, said John Piercy, and loan it to him, he, Hawver, would pay him eight *per cent.* interest; that he, George Piercy, did get the money and loaned it to Hawver at eight *per cent.* interest, taking his bond therefor; that he did not learn from said George Piercy the amount of this bond, but that it was for a considerable amount. Witness further stated that several years ago, long after the war, he had another conversation with George Piercy, in which Piercy told him that he had fixed the matter of the usury; that the bond had been renewed; that he did not learn from

said Piercy the amount of the renewed bond, but that it was for a considerable sum. Witness further stated that he had acted as curator of said George Piercy's estate before he qualified as executor, and as such curator he had found among the papers of said Piercy two bonds on S. P. Hawver, one for about $20.00, and the bond sued on; that the small bond had been paid. The bond sued on is as follows:

"Twelve months after date for value received, we or either of us, promise to pay to George Piercy, executor of John Piercy, deceased, nine hundred and eighty dollars.

"Given under our hand and seals September 5, 1878.

　　　　　　　　　　　"S. P. Hawver, [Seal.]
　　　　　　　　　　　"C. A. Hawver, [Seal.]"

Endorsed.—"Received November 7, 1880, on the within note forty dollars."

It seems to me, that on the said evidence it is a matter of grave doubt, whether the note sued on is the note referred to in the evidence or was the renewal of another note. If it was, the usury was proved. If it was not, the proof failed to sustain the plea of usury. It is therefore one of those doubtful questions peculiarly appropriate for a jury to determine, and no matter which way determined, this Court on well settled principles should not disturb the verdict. The court therefore did not err in refusing to set aside the verdict as being against the evidence.

Did the court err in refusing to permit the defendants to open and conclude the argument?

The pleas, and only pleas, to the action were payment and usury, both affirmative pleas. The defendants clearly had the right to open and conclude the argument to the jury. But it is said the defendants waived this right. They claimed it before the bond was read to the jury. This certainly did not amount to a waiver. After the evidence was in, they still had the right to open and conclude to the jury in argument. The denial of this right was error. (*B. & O. R. R. Co.* v. *P. W. & Ky. R. R. Co.*, 17 W. Va. 848, and cases cited; *Singleton* v. *Millet*, 1 Nott & McCord 355; *Brooks* v. *Barrett*, 7 Pick. 94; *Huntington* v. *Conkey*, 33 Barb. 219; *Corkey* v. *Leus*, 15 B. Mon. 27; *Harris* v. *Kent*, 11 Ind. 126; *Steptoe* v. *Harvey*, 7 Leigh 501; *Young* v. *Highland*, 9 Grat. 16.)

While all the cases agree that the denial of this right is error, yet some of them hold it is a question of practice within the discretion of the court, and not a ground of reversal, unless injustice has been done; and some of the cases go so far as to hold, that the discretion of the trial-court is not in this matter a subject of review.

In *Huntington* v. *Conkey*, 33 Barb. 227, Smith J. said: "An erroneous ruling at the circuit on the question of the right to begin is error, for which a new trial will be granted, unless the court of review can clearly see, that no injustice could possibly have resulted from such error. In all cases of doubt, I think, a new trial should be granted, when it does not manifestly appear, that the error could not have affected the result. When the court can clearly see, that no injury could have occured, and the verdict would have been the same, if the party complaining of the error had had his rights, then the objections should be disregarded. * * In this case the evidence was quite evenly balanced at the trial, and in such a case the right to the last address to the jury may have been highly important to the defendant. We cannot say that it was not, and therefore, we think, there should be a new trial."

In *Nicholas* v. *Kushner*, 20 W. Va. 251, it was held, that where an erroneous instruction has been given to the jury, the presumption is, that the exceptor was prejudiced thereby, and the judgment will be reversed for this cause, unless it clearly appears from the record, that the exceptor could not have been prejudiced by the giving of such erroneous instruction. Whenever one is in the trial of a case denied a legal right by the court, the presumption is, that he was prejudiced by such denial, and if he properly raises the question, the Appellate Court will reverse the judgment for such cause, unless it appears, that he could not have suffered thereby. The denial to the defendant in a proper case of the right to open and conclude the argument to the jury raises a legal presumption that he was prejudiced thereby, and the judgment will be reversed for this cause, unless it clearly appears from the record, that he could not have been prejudiced thereby; and this must affirmatively appear from the record. If the facts or the evidence is certified and it is shown thereby, that the Appellate Court would on such facts or evidence have set

aside the verdict, if found for the defendant, then it would clearly appear, that he had not been prejudiced in the slightest degree by the denial of his right to open or conclude the argument. But if on the other hand such facts or evidence presents such a case, that the Appellate Court could not disturb the verdict, had it been either way, then this Court would reverse the judgment, because the defendant's counsel had been denied the right to open and conclude the argument. In doubtful cases the counsel who closes the argument has a decided advantage.

In *Steptoe* v. *Harvey*, 7 Leigh, neither the evidence nor the facts were certified. Brockenbrough, judge, said : " The last exception taken to the opinion of the court relates to the order of proceeding in the trial of causes before a jury. It is undoubtedly the practice in England, that he, who holds the affirmative, shall open the case and close the argument to the jury. (3 Black's Com. 366.) In this State the practice has varied. In some of the circuits the English rule prevails; but in the greater number the plaintiff in all cases except in writs of right is allowed to begin, and the general court has recommended that to be the rule in all the circuits. I have thought that the English rule was the best, but, however that may be, I do not think that the adoption of the other rule is any ground for reversing a judgment, which is otherwise correct."

Carr J. in the same case said : "With respect to the last exception taken to the decision of the court refusing to the counsel of the defendant the opening and conclusion of the argument to the jury it is a question, which can have no influence on the opinion of this court in passing upon the final judgment of the court below. Suppose the defendant's counsel ought to have had the opening and conclusion, how can we ascertain the effect of the refusal ? The verdict was either contrary to the evidence, or it was not. If it was, that would be a sufficient reason for a new trial. If it was not, ought a new trial to be granted, because the defendant's counsel had not the opening and conclusion ? In the case before us no new trial was asked ; no objection taken to the verdict as against the evidence. It is not necessary in this case to give an opinion on this point, and I question whether it might not

be better to leave the courts below and the general court to settle the practice as to it."

In the same case Tucker, President, said on this point: "As to the last exception it presents in effect the question, whether for the irregularity of denying the right of opening and concluding the argument the verdict should be set aside, and a new trial awarded. Considering the matter in this light I am of opinion, that the error set forth in the bill of exceptions is not sufficient to justify a reversal of the judgment and the award of a new trial. The rule as to the right of opening and concluding in the courts of England (2 Tidd 908,) are substantially the rules which have been held to prevail with us, where the general issue is not pleaded, but issue is joined on a collateral fact, in which the affirmative is with the defendant, and the proofs rest on him, he has a right to open and conclude. But where the general issue is pleaded, or where by any part of the pleadings the affirmative is thrown upon the plaintiff, he must begin and have the reply, even though there may be other issues, in which the affirmative is thrown on the defendant. But I do not think it follows, that a new trial should be allowed solely because of an error in this regard. New trials are refused, even where there have been much more serious irregularities in the proceedings: as where the judge has permitted the jury to disperse (2 Barn. & Ald. 462), or where a cause has been taken out of its turn and tried as an undefended cause, and there was no affidavit of merits (5 Barn. & Ald. 907). If the facts in this case had been spread upon the record, and a new trial moved for, and the case had appeared doubtful, the denial of his rights to the defendant might have turned the scale in his favor; but the defendant having acquiesced in the verdict, having by that acquiescence acknowledged that it is according to the evidence and the instruction of the court, and having rested his defence upon the supposed error of the court and not upon a false finding by the jury, I see no ground for setting aside the verdict."

This Court held in *State for use, &c.* v. *Phares*, 24 W. Va. 657, that in a case tried by a jury, no matter how many exceptions are taken to rulings of the court made during the trial, unless a motion is made before the trial-court to set

aside the verdict, and that motion is overruled, all such errors saved will by the appellate court be deemed to have been waived. So the error of denying the right to open and conclude the argument will be deemed to have been waived, unless the exceptor in the trial-court moved to set aside the verdict, and if the motion is overruled, he should except; and the presumption being that he had been injured by such denial of his right, the judgment will for that cause be reversed, and a new trial will be granted, unless it clearly appears from the record, that he could not have been injured by such denial. And if the record shows, as in this case, that the facts made the case doubtful, so that this Court could not disturb the verdict, if it were either way, then it could not be said, that the defendant was not injured by the denial of his right. Unless however he makes a motion for a new trial in the court below and on its being overruled excepts, he will be deemed to have waived his objections.

The defendants in this case moved to set aside the verdict and had the facts certified, and the facts do not show, that they could not have been injured by such denial of their rights. If however they had moved merely to set aside the verdict because they had been denied the right to open and conclude the argument and on the motion being overruled had excepted, the other party could have the facts certified in such exception to show that no injury was done by the denial of such right. This case is one, in which it is not shown clearly, that the defendants were prejudiced by the refusal to permit their counsel to open and conclude the argument; and for such error the judgment will be reversed.

It is not necessary to consider the effect of the after-discovered evidence, as there will be a new trial, and the evidence may be produced.

The question discussed by counsel, as to whether the law in force, when the note was made, or the law in force, when the judgment was rendered, is to govern, is not raised in this case. It might have been properly raised by instructions to the jury. It was not raised in the objections to the pleas of usury, for they would have been appropriate, whether the whole debt were forfeited or only a part. The instruction for defendants did raise the question, but of that instruction

as it was given the defendants can not complain. The jury evidently did not believe there was any usury proved. The exceptions to the instructions for plaintiff are not relied on here; and I see no objection to them. For the error alone, that the defendants here demand the right to open and conclude the argument in the case, the judgment is reversed, the verdict of the jury set aside, and the case is remanded for a new trial.

REVERSED.    REMANDED.