# CHARLESTOWN.

## KEMBLE *et ux. v.* HERNDON.

Submitted June 15, 1886.—Decided September 22, 1886.

1. The principles laid down in the 1st point of the syllabus in *Danks* v. *Rodeheaver*, 26 W. Va. 274, approved and applied.  (p. 532.)

2. A declaration in ejectment, the caption of which is: 'West Virginia, Preston county, ss.," and which describes the land as situate in Preston county in Kingwood district and gives a description of it, which is minute and accurate, is not fatally defective, so that a demurrer to it should be sustained, because it was not stated in the body of the declaration, that Preston county was in the State ·of West Virginia.  (p. 530.)

3. A declaration in ejectment in all other respects good should not be held insufficient on a demurrer, only because in the beginning it uses the language, that the plaintiff complains of the defendant "of a plea of trespass and ejectment for this, to-wit:"  (p. 531.)

4. On a demurrer to a declaration in considering whether the decla-
   ration is sufficient in law the court can not look at the notice
   served on the defendant to see whether it is such as the statute-
   law required.  (p. 531.)

5. This Court will not reverse a case, because at some term of the
   Court during the pending of the case in the circuit court it re-
   quired improperly the plaintiff in error to pay the costs of a con-
   tinuance.  (p. 531.)

*J. A. Brown* and *Berkshire & Sturgiss* for plaintiff in error.

No appearance for defendant in error.

Statement of the case by GREEN, JUDGE:

This was an action of ejectment by Catharine Carrol against
William D. Herndon in the circuit court of Preston county.
The declaration was filed at July rules 1881, the defendant
at the next term of the court on July 29, 1881 pleaded not
guilty, and issue was joined, and by consent an order of sur-
vey was made.   The next day the defendant demurred to
the declaration, and the court sustained the demurrer, and
the plaintiff asked leave to amend his declaration so as to
conform to the opinion of the court, which amendments were
with the consent of the defendant at once made by erasing
certain words, and thereupon the defendant pleaded not
guilty, and issue was joined.   At the next term of the court
on November 28, 1881, the defendant demurred to this
amended declaration, the plaintiff joined in the demurrer,
and the court overruled the demurrer, and the plaintiff after-
wards made some slight amendments to the declaration by
leave of the court and without objections by the defendant.
This amended declaration, on which the case was tried, is as
follows:

"WEST VIRGINIA, PRESTON COUNTY, SS.:

                   "IN THE CIRCUIT COURT OF SAID COUNTY.
    "Catharine Carroll plaintiff, complains of William D.
Herndon, defendant of a plea of trespass and ejectment, for
this to wit: on the first day of January, 1879, the said plain-
tiff was possessed of a certain tract or parcel of land situate in
the county of Preston in Kingwood district adjoining lands
of Samuel Snider and others, and is bounded and described
as follows; to wit: beginning at a white oak, corner to

Samuel Snider, thence with his line S. nine W. seventy-nine poles, to a stone pile, corner to Snider's land and Moore S. eighty five E. ninty poles to a black walnut, N. nine E. sixty-eight poles to a chestnut in Conrad Albright's line, and with the same, N. seventy-eight W. ninety poles to the beginning containing forty-one acres and-fifty poles, which said tract of land the plaintiff claims in fee. And the said plaintiff being so possessed thereof, the said defendant, afterwards, to wit: on the first day of January, 1880, entered into the said premises and unlawfully witholds from the plaintiff the possession thereof to the plaintiff's damage $500.00; and therefore she sues.	CATHARINE CRAROLL.

"*By her Counsel.*

"JOHN BARTON PAYNE."

On April 21, 1882, the following proceedings were had in this case as shown by the record :

"And at another day of said court held as aforesaid, on the 21st day of April, 1882, came the parties by their attorneys, and thereupon the defendant suggested that the plaintiff has, since the last term of this court, intermarried with one Julius C. Kemble, and therefore that before proceeding to trial, this suit should be revived in the name of said Kemble and wife, and the court being of that opinion, the plaintiff accordingly moved that this suit proceed in her marital name of Catharine Kemble, and that of her husband, and no cause being shown against it, the same is ordered accordingly. And thereupon, on motion of the defendant and for reasons appearing to the court, this cause is continued till the next term. But this continuance is at the defendant's costs. And on motion of the plaintiffs an execution is awarded them for their costs of this term. *Memorandum :* Both the plaintiffs and defendant excepted to the opinion of the court, given upon the above mentioned proceedings, and leave is granted them to file their respective bills of exceptions herein on to-morrow.

"And at another day of said court held as aforesaid, on the 22d day of April, 1882, came the parties by their attorneys and thereupon filed their respective bills of exceptions herein, which were received and. signed by the court.

"Plaintiff's bill of exceptions above referred to is in these words :

" 'CATHARINE CARROLL ⎫
          *v.*                    ⎬   .In Ejectment.
" 'WM. D. HERNDON.    ⎭

" ' "Be it remembered that when this case was called for trial, the defendant by counsel suggested that since the last term of this Court the plaintiff, who claims the land in the declaration mentioned, has intermarried with a certain Julius C· Kemble, and that they live tagether as man and· wife, and that she acquired title, if title she has, to said land, in the year 1875, which facts were admitted to be true, and thereupon the court refused to allow the plaintiff to proceed with the trial of the case, although the plaintiff agreed that the cause might further proceed in her name, as Catharine Kemble, unless the said Julius C. Kemble should be joined with the female plaintiff, as plaintiff; and thereupon on motion of the plaintiff, and said Julius C. Kemble protesting, this cause is ordered to proceed further in the name of Julius C. Kemble and Catharine Kemble, his wife, as plaintiffs, to which ruling of the court the plaintiff excepts, and tenders her bill of exceptions which is signed by the court and ordered to be made a part of the record.'

'WILLIAM T. ICE.'

"The defendant's bill of exceptions, above referred to is in these words:

" 'CATHARINE CARROLL ⎫
          *v.*                    ⎬   In Ejectment.
" 'W. D. HERNDON       ⎭

" ' "Be it remembered that after the occurrence of the ruling of the court as stated in the bill of exceptions of the plaintiff, thereupon the plaintiffs asked and insisted on a trial of the cause, to which the defendant objected and asked for and claimed that he was entitled to a general continuance, but the court overruled the said objection, and required the defendant to go to trial, and thereupon, on motion of the defendant, the cause was continued at his cost on account of the absence of a material witness who had been summoned for the defendant. To which opinion and ruling of the court, the defendant by his counsel excepts and prays that these, his exceptions, may be signed, sealed and made part of the record which is accordingly done.

'WILLIAM T. ICE. [SEAL].' "

The trial of this case before the jury was commenced on August 17, 1883, and continued from day to day till August 20, 1883, when the jury found their verdict. The following entries will show the action of the jury and court that day:

"And at another day of said court held as aforesaid, on the 20th day of August, 1883, came as well the parties by their attorneys as the jurors herein pursuant to their adjournment on Saturday last, who having fully heard the evidence herein, say that 'they find for the plaintiffs, Catharine Kemble wife of her co-plaintiff, Julius C. Kemble, the land and premises in the declaration mentioned, bounded and described as follows: Beginning at a white oak, corner to Samuel Snider, thence with his line, S. 9 W. 79 poles, to a stone pile, corner to Snider's land and Moore, S. 85 E. 90 poles, to a black walnut, N. 9 E. 68 poles, to a chestnut in Conrad Albright's line, and with the same N. 78 W. 90 poles to the beginning, containing forty one acres and fifty five poles, and we further find that the said Catharine Kemble is possessed of an estate in fee simple to said lands and premises, and we further find for the plaintiff, one cent damages.' It was therefore considered by the court that the plaintiff recover from the defendant, the possession of the premises according to the verdict of the jury aforesaid, together with her damages aforesaid, and her costs."

And on August 28, 1883, during the same term of this court this entry was made:

"At another day of said court held as aforesaid, on the 28th day of August, 1883, came the parties by their attorneys, and the defendant having during the progress of the trial of this cause, excepted to certain opinions of the court given upon said trial, this day tendered his three several bills of exceptions, marked respectively, No. 2, No. 3, and No. 4, which were severally received and signed by the court. And the defendant desiring to present a petition for a writ of error or *supersedeas* to the judgment of the court rendered in the foregoing cause, on his motion (the plaintiff not objecting) it is ordered that execution be suspended on said judgment for forty days from the date thereof. But the said suspension is not to be operative until the defendant shall

execute before the clerk of this court a bond in the penalty of $200.00 with good security conditioned according to law.

*Memorandum:* The defendant also tendered his bill of exceptions marked "No. 1," but the court refused to sign such bill upon the ground that the truth of the case was not fairly stated therein."

All of these bills of exceptions are then set fourth at length in the record as presented to us; but it is deemed unnecessary to state them for reasons stated in the opinion. The defendant obtained from this Court a writ of error and *supersedeas* as prayed for in his petition to this judgment and in his petition assigns as errors:

" 1st. That the court erred in making the defendant pay the costs of the continuance by its order made April 21, 1882,

" 2d. The court erred in permitting the plaintiff to introduce a certain paper in evidence before the jury on the trial.

" 3d. The court erred in excluding from the jury certain evidence offered by the defendant. These alleged errors appear from said bill of exceptions taken at the trial only. And in his argument before this court the defendant further insists that the declaration in this case was fatally defective and the demurrer to it should have been sustained."

Opinion by GREEN, JUDGE:

The first question to be considered is: Should the circuit court have overruled, as it did, the demurrer of the defendant to the declaration? The whole of the argument of the counsel for the plaintiff in error in their brief on this point is this: "The demurrer to the amended declaration we submit should have been sustained. The count is both in trespass and ejectment; and the description of the premises is too meagre and inadequate to enable the sheriff or other officer from such description to deliver possession, &c. And it does not appear that the premises sought to be recovered are in *this State;* and the *notice*—which is a part of the declaration—is not sufficient or as required by the statute."

Our statute provides (ch. 90 §§7, 8 and 9, Warth's Amended Code, p. 609) as follows:

"7. It should be sufficient for the plaintiff to aver in his declaration that on some day specified therein (and which

shall be after the title accrued) he was possessed of the premises claimed and being so possessed thereof, that the defendant afterwards, on some day to be stated, entered into such premises, and that he unlawfully withholds from the plaintiff the possession thereof to his damage such a sum as the plaintiff shall state.

"8. The premises claimed shall be described in the declaration with convenient certainty, so that from such description possession thereof may be delivered.

"9. The plaintiff shall also state whether he claims in fee or for life, or for the life of another, or for years specifying such lives, or the duration of such term; and where he claims an undivided share or interest, he shall state the same."

This is our whole statute-law with reference to the form or contents of a declaration in ejectment. A comparison of the amended declaration in this case with the law will show clearly, that every requirement of our law is fully met by it. It is difficult to understand how the pleader could have given a more certain description of the premises in the usual meaning of the word certainty, or what possible difficulty the sheriff could have under this description to deliver possession thereof to the plaintiff. The description states the county, in which the premises are located, the district in such county, wherein they lie, that they adjoin the lands of Samuel Snider and others, and it gives the boundaries of the land by courses and distances, and with what persons it corners, and the exact area of the tract. How there could possibly be any difficulty in finding the location of this tract of land so as to deliver possession of it I can not conceive. It is said however, that the declaration does not allege in what State this tract of land lies. The caption of the declaration is: " West Virginia, Preston county, to-wit;" and the tract of land is stated to be "situate in the county of Preston." This must be regarded as the Preston county named in the caption of the declaration, the county, in which the suit was instituted, and therefore Preston county in the State of West Virginia. According to my understanding of the law the statute having prescribed everything required to be inserted in a declaration in ejectment, and having gone further and stated the manner in which the premises claimed

are to be described, we are not justified, when determining what is *convenient* certainty, in applying the strict rules of the common law special pleading; but the certainty must be such as in the usual sense of the word is *convenient*, and this declaration has this degree of certainty, I think.

We have not copied in the statement of the case the notice, because, as the defendant appeared and filed a demurrer to the declaration, it is entirely immaterial, whether the notice was sufficient, that is, such as is required by the statute, or not. Though in point of fact it is just such a notice as the statute requires. After the defendant in ejectment has appeared and demurred or pleaded, and a judgment has been rendered against him, we have no more right to look at the notice, which has been served on him with a view of criticising it, than we would have under like circumstances to look at the summons in an action of debt or other action with a view of criticising it. The summons in the one case as the notice in other was merely intended to bring the defendant into court; and when he has come and filed a demurrer or plea, the summons or notice has performed its whole function, and it is immaterial, whether or not the one or the other is defective. We can only look at such summons or notice, when the judgment is by default, or when the defendant has appeared solely for the purpose of objecting to their sufficiency and has moved to quash them in the court below. These principles seem to me too elementary to need any reference to authorities to sustain them.

It is objected that the declaration is both in *trespass* and ejectment. It does seem to me, that it would be unreasonable, that, because in the beginning of the declaration or count the pleader has called the defendant to answer "a plea of trespass and ejectment" we should hold this to be an error, for which upon demurrer the declaration or count should be held totally defective, though such count be in all other respects just such as is required by our statute-law. No authority is cited to justify us in holding this declaration fatally defective on this account, and I know of none; and it seems to me that the declaration is not defective. I am therefore of opinion, that the circuit court did not err in overruling the demurrer to this amended declaration.

It has been repeatedly held by this Court after the most mature deliberation, that, if errors or supposed errors are committed by a court in its rulings during the trial of a case by a jury, an Appellate Court can not review these rulings, unless first they were objected to, when made, and the point saved and bills of exceptions taken during the term of the court, and unless second *a new trial was asked of the court below and refused,* and such refusal objected to in the court below, *and this appears of record.* If either of these essentials, is omitted, the Appellate Court can not review the rulings. (*Danks* v. *Rodeheaver et al,* 26 W. Va. 274; *State for use, &c.* v. *Phares,* 24 W. Va. 657–8, pts. 3 and 4 of syll.). As no new trial was asked in this case of the court below, that appears of record, this Court can not review any of the rulings of the circuit court during the trial, though bills of exceptions were taken by the plaintiff in error in a proper manner, and at a proper time, and this appears in the record. This disposes of all the bills of exceptions taken by the plaintiff in error. We can not review them; and for that reason they have not been copied in the statement of the case.

There is no other error complained of by the plaintiff in error, except that the court erred on April 21, 1882, in requiring the continuance of the cause at that term made on the motion of the plaintiff in error to be at his costs instead of continuing the cause generally, as he deemed should have been done, because the cause had that day been on the motion of the plaintiff in error, the defendants below, revived and ordered to be proceeded with in the name of Julius C. Kemble and his wife Catharine, the original plaintiffs, though this revival had been against their protest. Of course this Court could not reverse the judgment of the court below, even if it had erred in requiring the defendant below, the plaintiff in error, to pay the costs of this continuance. This is so elementary a principle as not to require the citation of any authorities to sustain it. This point was not insisted on by the counsel of the plaintiffs in error in his brief.

For these reasons I am of opinion, that the judgment of the court below rendered on the 20th day of August, 1883, must be affirmed; and the plaintiff in error must pay to the

defendants in error their costs in this Court expended and thirty dollars damages.

AFFIRMED.