# WHEELING.

## Brown v. Brown.

Submitted June 6, 1887.—Decided June 25, 1887.

New Trial—Motion for in Court Below—Waiver.

> Where exceptions are taken during the trial to the judgment of the court in giving or refusing to give instructions to the jury or in admitting or rejecting evidence, unless a motion is made in the trial-court to set aside the verdict, and that motion is overruled, the appellate court will regard such exceptions as waived and will not review the rulings.

*Berkshire & Sturgiss* for plaintiff in error.

*Hagans & Moreland* for defendant in error.

Johnson, President :

This is an action of debt brought in the Circuit Court of Monongalia county in May, 1883. The defendant appeared and filed a general demurrer to the declaration, which was overruled; and defendant pleaded payment. The issue was on the 19th day of October, 1883, tried by a jury and a verdict rendered on the 23d day of October for the plaintiff for the sum of $778.34. Thereupon, as the record shows, judgment was suspended. On the 26th day of the same month the court entered judgment on the verdict. The entry on the record further states, that "on motion of defendant execution on this judgment is suspended for forty days to enable him to apply for an appeal" &c. Then there appears a memorandum, that on the trial of the case the defendant excepted to three several opinions of the court and tendered three several bills of exceptions, which were signed, sealed and made part of the record.

The first bill of exceptions was to the refusal to give an instruction asked by defendant; the second to the giving of an instruction asked by the plaintiff; the third to the refusal of certain evidence offered by the defendant. *No motion was made to set aside the verdict and grant a new trial.* To the judgment of the court the defendant obtained a writ of

error. The only errors assigned are those taken and saved by the defendant on the trial, as set forth in said several bills of exceptions. He demurred to the declaration; but he has not insisted, that the court erred in overruling his demurrer. However, if error appeared in this action of the court, he should here have the benefit of it; but the declaration was in the usual form; and the demurrer was properly overruled. This Court held in *State* v. *Phares*, 24 W. Va. 657, that in a case tried by a jury, no matter how many exceptions are taken to rulings of the court made during the trial, unless a motion is made before said court to set aside the verdict, and that motion is overruled, all such errors will be regarded by the appellate court as waived. In that case the reasons are given for the rule; and the decision is based on an old decision of the Court of Appeals of Virginia (*Humphreys* v. *West*, 3 Rand. 516), and followed by this Court in *Shrewsbury* v. *Miller*, 10 W. Va. 115, and *Riddle* v. *Core*, 21 W. Va. 530. The decision in *State* v. *Phares* was followed in *Sammons* v. *Hawver*, 25 W. Va. 678. The correctness of the rule thus laid down having been called in question, we elaborately reviewed the American decisions in *Danks* v. *Rodeheaver*, 26 W. Va. 274, and demonstrated, that the same rule had been almost universally adopted in the other States. This last decision was approved in *State* v. *Thompson*, 26 W. Va. 145, and in *Kemble* v. *Herndon*, 28 W. Va. 524, and may now be regarded as firmly settled. We can not therefore review the errors saved in the three several bills of exceptions, no motion to set aside the verdict having been made in the trial-court. The judgment of the Circuit Court is affirmed.

AFFIRMED.