# CHARLESTON.

## SPENCE *v.* ROBINSON.

Submitted June 15, 1891.—Decided November 21, 1891.

1. APPEAL—ERROR—DECLARATION.

Where there is error in the declaration, pleadings, or judgment, committed against the protest, or over the demurrer or other objection of a party as shown by the record, the same may be reviewed and corrected in this court, although no motion has been made for a new trial in the court below, and no exception was reserved by bill of exceptions or otherwise.

2. PROMISSORY NOTES AND BILLS OF EXCHANGE—NEGOTIABLE INSTRUMENTS.

If a negotiable instrument, not payable to bearer, be endorsed specially to a particular person, while such person remains the holder and legal owner the right of action is in him alone, and none but he, or his personal representative, can sue.

3. APPEAL—ERROR—NEW TRIAL.

If a special replication has been permitted to be filed over the objection of the defendant, and his demurrer thereto overruled to his manifest injury, the error will be corrected in this court by setting aside the judgment, and directing the trial court to award a new trial.

*R. F. Martin* for plaintiff in error, cited 1 Chitt. Pl. (16th. Am. Ed.) 3; 1 Gill & J. 175; 2 Dan. Neg. Inst. § 1181 a.; 24 Am. Rep. 201; Sto. Bills § 42; Sto. Prom. N. §§ 20–27; 1 Pars. Notes 37, 38; Bay. Bills c. 1, s. 6; 45 Am. Rep. 750; 33 Am. Rep. 356; 4 W. Va. 346; 77 Pa. St. 131; 71 Mo. 618.

*J. Bassell* for defendant in error, cited Whar. Conf. L. §§ 450, 451; 16 Gratt. 126; 1 Dan. Neg. Inst. § 879; Sharsw. Byles Bills (5th Am. Ed.) 562; 26 W. Va. 48.

LUCAS, PRESIDENT:

This was an action instituted before George W. Brown, justice of the peace for Taylor county, in which the defendants, Robinson and Dunham, were summoned to an-

swer the complaint "of L. Spence, use of Noah Beck, in a civil action for the recovery of money due on contract." The defendants failed to appear, and the plaintiff had judgment for the sum of one hundred and fifty four dollars and forty cents, with interest and costs. Thereupon the defendants took an appeal to the Circuit Court. The cause was there docketed, and the defendants filed two pleas to the complaint of the plaintiff. The first amounted to a plea of *nil debet*, and the second set up a failure of consideration. It averred that on the 14th day of August, 1887, the defendants bought from said L. Spence a portable steam-engine for five hundred dollars, and executed. and delivered to said L. Spence "the note in controversy for one hundred and fifty dollars and two other notes, of one hundred and seventy five dollars each, of same date, for the price of said engine." The plea then alleges a specific warranty of the engine by Spence and its utter failure to come up to the warranty, and that by reason of the breach they are damaged to the extent of five hundred dollars, against which they offer to allow the amount of the note sued on, with interest from said 14th day of August, 1887, as an offset.

These pleas were at first replied to generally, but subsequently the plaintiff withdrew his general replication to the second plea, and tendered a "replication in writing to the said plea, to the filing of which the defendants objected, and moved the court to reject the same." At a subsequent day the court overruled the motion to reject the special replication, and allowed the same to be filed. The special replication is as follows:

"*L. Spence, for use of Noah Beck* v. *J. G. Robinson et als.* Appeal. The plaintiff says he ought not to be barred of having and maintaining his action against the defendants by reason of the matters contained in the plea in writing by them secondly above pleaded, because he says that the promissory note mentioned and described in the summons in this action, and filed therewith, was upon the face thereof made by the defendants payable to the plaintiff at Martin's Ferry, in the State of Ohio, and by the laws of said State said promissory note is negotiable; and the plaintiff,

for a valuable consideration, before the maturity of said promissory note, indorsed the same to the person for whose use this action is brought, said indorsement being made at said Martin's Ferry, in the said State of Ohio, and said indorsee having no notice of the matters alleged in the said plea at the time said indorsement was so made to him. And this the plaintiff is ready to verify *etc.* J. BASSEL, Atty."

And on a subsequent day the defendant demurred to this replication, but the court overruled the demurrer and gave judgment, after trial and verdict, in favor of the plaintiff against the defendants and their sureties on the appeal-bond. No bill of exceptions was taken, nor was there any motion for a new trial in the court below. Neither does the record disclose that any exception was taken by the plaintiff to the action of the court in overruling his objections to filing the special replication or in overruling his demurrer to the same.

Is that replication a part of the record, and can we review the action of the Circuit Court, as above described? Code, c. 131, s. 9, provides that "any party may avail himself of any error appearing on the record, by which he is prejudiced, without excepting thereto." In the leading case of *Danks* v. *Rhodeheaver*, 26 W. Va. 274, 287, Judge GREEN suggests that this sentence should read as if it were written, "without taking a formal bill of exceptions," this Court having previously in several other cases made a similar suggestion. *Perry* v. *Horn*, 22 W. Va. 381. I doubt, however, whether we are at liberty to curtail the remedial efficacy of the act by interpolating any other language than that employed in the act itself, which is perfectly free from all ambiguity. Our law upon this subject will be found more accurately stated by Judge SNYDER in *Bank* v. *Showacre*, 26 W. Va. 50: "A party may take advantage in the appellate court of an error committed by the trial court in permitting a plea to be filed, where the record shows that such party objected to the filing of such plea in the trial court, and that he need not in such case take a bill of exceptions, or except to the action of the court overruling his objection. This rule is equally applicable to the filing of a replication."

It is true, as a general rule, that if errors or supposed errors are committed by a court in its rulings during the trial of a case by a jury, the appellate court can not review those rulings, unless they were objected to at the time, and a bill of exceptions filed during the term, and a new trial asked of the court below, and refused. See leading case of *Danks* v. *Rhodeheaver*, 26 W. Va. 274. But in this leading case reference is made, and approvingly, to what was said in *State* v. *Phares*, 24 W. Va. 657, as follows : "Of course, it is different if the error is in the pleadings, as in such case there was a mistrial." And in the latest case on this subject, *Brown* v. *Brown*, 29 W. Va. 778 (2 S. E. Rep. 808) it is said in substance, that, if a demurrer to the declaration has been improperly overruled, the appellate court will reverse, though no bill of exceptions was taken, and although there was no motion for a new trial. The reasons for this distinction are not very satisfactory. Nevertheless we may regard it as firmly established in this State, that, where there is error in the declaration, pleadings or judgment committed against the protest or over the demurrer or other objection of a party, the same may be reviewed and corrected in this Court, although no motion has been made for a new trial in the court below, and no exception was reserved by bill of exceptions or otherwise.

Let us apply these principles to the case in hand. No exception was taken, nor was there any motion for a new trial. The special replication marked "No. 2" was filed over the objection of the defendants, and their demurrer thereto was overruled, and this, as we have seen, was all that was necessary for the purpose of review by this Court. Was the demurrer to the said replication properly overruled? For the purpose of demurrer, the facts stated in the replication must be taken as true. Therefore without looking at the note itself we must regard it as a negotiable instrument, indorsed for value to a special indorsee, suit upon which has been brought by the payee for the use of the special indorsee and holder. If the note were not negotiable, this could be done under our statute, which declares that the assignee of any bond, note, account or writing not negotiable may maintain thereupon any action in his own

name without the addition of "assignee," which the original obligee or payee might have brought, but shall allow all just discounts not only against himself but against the assignor, before the defendant had notice of the assignment.

According to the practice under the Code of Virginia, the assignee could institute the suit, where the instrument was not negotiable, either in his own name or in the name of his assignor for his use. But this was in express derogation of the rule of the common law, that only he who had the strict legal title and interest had the right of action. In cases not provided for by the statute the principle of the common law must be held still to prevail. If therefore by the indorsement of a negotiable instrument to a specific indorsee by the law-merchant the legal title becomes vested in said indorsee, in the absence of any statutory provision he alone can sue upon the instrument. It is very true he may transfer his right to another, but so long as the legal title remains in him together with the possession of the note or other instrument, the right of action is vested in him alone. Upon principle this would seem to be a correct conclusion, and, although cases may be found tending in an opposite direction, this position is sustained by a large majority of the better authorities. The text-writers agree with considerable unanimity in stating the law to be as I have construed it.

Mr. Edwards says: " The plaintiff, in an action upon a bill, check, or note, must show in his declaration his right to sue thereon in the same manner as every other plaintiff must show a sufficient title to enable him to maintain his suit. If he sues as the indorsee or bearer of a bill, he must show that it was drawn in a transferrable form, and that the transfer to him was made in the manner permitted by its terms; in short, he must allege all that is necessary to show the legal title vested in himself." Edw. Bills & N. §§ 928, 962.

So, also, Mr. Daniel: " In the first place, an indorsement in full is one which mentions the name of the person in whose favor it is made, and to whom or to whose order the sum is to be paid. For instance, 'Pay to B. or order,' signed 'A.,' is an endorsement in full by A., the payee or

holder of the paper, to B. An indorsement in full prevents the bill or note from being indorsed by any one but the indorsee, and none but the special indorsee or his representative can sue upon it." 1 Daniel, Neg. Inst. § 692.

Likewise Mr. Parsons : "But if the plaintiff has neither the possession of the paper, nor any right to it by reason of any interest in it, he can not recover upon it. The legal interest, however, is sufficient to support the action, although the entire beneficial interest has been transferred. And an agent who holds a bill or note payable to bearer or indorsed in blank, or to whom it has been indorsed for the purpose of collection, may sue on it in his own name." 2 Pars. Notes & B. 443.

It will be observed that the author is here speaking of notes payable to bearer, or indorsed in blank, and Mr. Robinson in his second volume of Practice, (page 229) to which we are cited by counsel for defendant in error, holds the same language. He says : "The beneficial owner of a bill of exchange or negotiable note, which is payable to bearer or is indorsed in blank, may, says Chancellor Walworth, institute a suit thereon in a court of law in the name of any one who is willing to allow his name to be used for that purpose ; and, where the defendant has no legal or equitable defence to the bill or note as against the real owner thereof, he can not be permitted to show that the nominal plaintiff, in whose name the suit is so brought, is not the real party in interest." On the same page, however, Mr. Robinson draws the proper distinction, and says : "As a person who has no interest in, or possession of, a bill can not maintain an action upon it, it is a valid defence that the bill was not indorsed to the plaintiff, and that he is not the holder of it." See, also, pages 227, 228.

The distinction between a note indorsed in blank and one indorsed to a special indorsee is a natural and proper one, because, in a suit by a holder upon the former, a recovery is a perfect defence to the maker against any future action, and he is deprived of no defence which he might legitimately make. On the other hand, if there is a special indorsee, the defendant has a right to inquire in what manner the title to the note has passed away from such in-

dorsee, and a recovery by a person not entitled to the note would be no defence in a subsequent action by the party entitled.

In the case of *Ritchie* v. *Moore*, 5 Munf. 388, it was held that the holder of a bill of exchange, with several indorsements in blank, could maintain a suit upon it, because he had the right to write such assignment as he thought proper over the blank indorsements.

On the other hand, in the case of *Myers* v. *Friend*, 1 Rand. 14, in speaking of an instrument transferable by delivery or indorsement only, the Court says : "In the case before us the appellee should have deduced his title to the note under that cashier to whom it was confided and indorsed. He could acquire no property in it from another —from a man who only had the possession of it."

It seems quite clear, therefore, if a negotiable instrument not payable to bearer be indorsed specially to a particular person, while such person remains the holder and legal owner, the right of action is in him alone, and none but he or his personal representative can sue.

If this conclusion be correct, it follows that the demurrer to the special replication should have been sustained, because, if the matter therein contained were true, the plaintiff had no case and no right of recovery. It is hardly necessary to add that the defendants were manifestly injured by the filing of this improper replication, and the judgment of the Circuit Court must be reversed with directions to that court to award a new trial, to be conducted upon the principles herein announced, and otherwise according to law.

REVERSED. REMANDED.