# WHEELING.

## PERRY v. HORN & CARROLL.

Submitted June 19, 1882—Decided November 3, 1883.

| | |
|---|---|
| 22 | 381 |
| 35 | 315 |
| 22 | 381 |
| 42 | 54 |
| 22 | 381 |
| 43 | 244 |
| 22 | 381 |
| 44 | 519 |
| 45 | 392 |
| 22 | 381 |
| 47 | 473 |
| 22 | 381 |
| 61 | 137 |
| 22 | 381 |
| 66 | 342 |

1. A rejected plea may be made a part of the record by the defendant on the record objecting or excepting to the rejection; and in such case the Appellate Court will review the action of the court below in rejecting the plea; but if the record does not show, that the defendant objected or excepted to the action of the court in rejecting such plea, the Appellate Court cannot reverse the action of the court so rejecting the plea. (p. 383.)

2. The provision of the statute that "A party may avail himself of any error appearing on the record, by which he is prejudiced, *without excepting* thereto," means *without obtaining a formal bill of exceptions*, provided he objects or excepts on the record to the action of the court complained of, and provided it is such a matter as can be considered without a formal bill of exceptions. (p. 383.)

3. If a defendant does not on the record object or except to the judgment of the court in overruling a motion to set aside the judgment entered at the same term of the court, the Appellate Court will not review such action of the circuit court. (p. 384.)

4. The recovery against a principal and surety in a bond for the payment of money is not limited to the penalty, but may exceed it so far as necessary to include interest from the time of the breach. (p. 384.)

The facts of the case are stated in the opinion of the Court.

*James Hutchinson* for plaintiff in error.

*W. L. Cole* and *W. N. Miller* for defendants in error.

JOHNSON, PRESIDENT:

This is an action at law brought in the circuit court of Ritchie county in debt on an injunction-bond. The bond was executed by Horn as principal and Carroll as surety with a penalty of two thousand dollars. The suit was brought in 1879. In October of that year the defendants pleaded "conditions performed." On the 5th day of November, 1879, the defendants tendered three special pleas, to the filing of which the plaintiff objected; his objections to the first and

third pleas were overruled, and to these two pleas he severally replied generally; his exception to the *second* plea was *sustained* and the plea *rejected*. The record does not show that the defendants, or either of them *excepted* or *objected* to the ruling of the court in rejecting the second plea.

On the 28th day of October, 1881, the following judgment was entered in case:

"This day came the plaintiff by his attorney, and the defendants though solemnly called came not. nor do they further defend this action. And the plaintiff not requiring a jury, on his motion the questions of law and the facts in this case are submitted to the court in lieu of a jury, and the court having heard all the evidence and having maturely considered the same, doth.find by reason of the breach of the condition of the writing obligatory in the declaration mentioned, there is justly due the plaintiff the sum of two thousand and sixty-one dollars and six cents as of the 23d day of March, 1878, which exceeds the penalty of said writing obligatory, which said sum was due and payable on the 23d day of March, 1878, and that the payment thereof was demanded on the last mentioned date. It is therefore considered by the court that the plaintiff do recover of the said defendants the said sum of two thousand dollars the penalty in the said writing obligatory mentioned and interest thereon, as damages for the detention thereof, from the 23d day of March, 1878, until paid and his costs about his suit in this behalf expended."

After this judgment was rendered, to-wit on the 18th day of November, 1881, at the same term, at which the judgment was rendered the following order was entered: "This day came the parties by their attorneys and the defendants moved the court to set aside the judgment rendered by default in this cause on a former day of this court against the defendants, supported by the affidavits of defendant, S. J Horn, and James Hutchinson his attorney, and the counter-affidavit of W. L. Cole, one of the attorneys for the plaintiff, accompanied by the printed record of the Supreme Court of Appeals of this State, together with the argument of counsel thereon. On consideration whereof it is ordered that the said motion be and is hereby set aside, and the judgment en-

tered up at a former day of this court be held firm and stable."

This is a strange order. It describes the judgment as entered by default, when the record shows, that the pleas had been entered and issue joined on each. It speaks of "the printed record of the supreme court of appeals" accompanying the affidavit of plaintiff's attorney. The allusion to the "printed record" of the court of appeals is wholly unintelligible. And the "motion" to set aside the judgment "is set aside" instead of overruled. Still we can readily understand from the order, that the motion to set aside the judgment entered in the case at a former day of the term was overruled. No objection or exception is noted on the record to this ruling of the court.

To the judgment entered, and the refusal of the court to set it aside the defendants obtained a writ of error.

The first error assigned is to the rejection of defendant's second plea. As before noted, the record fails to disclose that any objection or exception was taken to the ruling of the court rejecting such plea. This Court held in *Sweeney* v. *Baker*, 13 W. Va. 158, that if a rejected plea is by order of the court made a part of the record, and the order shows that its rejection was excepted to, the Appellate Court will review the action of the court in rejecting such plea, though no formal bill of exceptions was taken to the action of the court in rejecting the plea. Judge Green in delivering the opinion of the Court, at page 215 said: "When the order-book shows that a plea was offered and rejected, and that the defendant excepted or objected to the action of the court in rejecting the plea, such entry is equivalent to an order of the court making the rejected plea a part of the record, and the Appellate Court can look at it and consider the propriety of the order rejecting it." But here no objection was made, and no exception on the record taken to the order of the court rejecting the plea; and of course we can not review the action of the court in rejecting it. The defendants will here be deemed to have waived their objection to the rejection of the plea. The language used in the Code and in the Acts of 1872–3, page 595, that "A party may avail himself of any error appearing upon the record, by which he is prejudiced without excepting

thereto, in the said case in 13 W. Va. 215, was held to mean, "without filing a bill of exceptions." It never was intended to mean that a suitor could waive nothing by his silence. If this were so, one suitor might gain a great advantage over another. We held in a felony case, *State* v. *Sutfin*, *infra*, that no objection being made upon the record to the discharge of a jury, it would in the Appellate Court be deemed that the objection had been waived.

The second assignment is the setting aside of the order for a general continuance and entering up judgment in the absence of the defendants. The record does not show, that the case had been continued at the term, at which the judgment was entered.

The third assignment is the refusal of the court to set aside the judgment on the motion of the defendants made at the same term of the court, at which the judgment was rendered. There was no bill of exceptions filed to the action of the court, and no objection or exception to the said action of the court was entered on the record. For the reason given on the first assignment of error we cannot review the action of the court in refusing to set aside the judgment. If there had been an objection or exception to the action of the court, yet it does not appear, that all the evidence, on which the court acted in refusing to set aside the judgment, is before this Court.

The fourth and last assignment of error is, that the court could not give judgment for an amount greater than the penalty of the bond; that the court erred in giving judgment for the full amount of the penalty and interest from the date of the breach. This question has been much discussed in this country as well as in England. Some of the courts have held, that it was changing the contract, which the parties had made. Others, that it is no violation of the contract, because as soon as the breach occurred, it was the duty of the obligors to have paid the debt; and if at that time it amounted to the whole penalty, that interest by way of damages ought to have been given. In *Harris* v. *Clap*, 1 Mass. 320 the court said:

"In the case now under consideration the surety has *expressly* by an instrument under seal bound himself to the

plaintiff; there is no ambiguity in the words, but the expressions are positive, clear, and unequivocal. He knew he had undertaken for the performance of the award, if one should be made against his principal; he knew that the award was made and what it was, then he certainly knew when the action on this bond was commenced, which was but a short time after the expiration of one hundred and twenty days from its acceptance in the court of common pleas—it then became his duty to see that it was performed—nor was that obligation suspended by, the subsequent transactions in endeavering to obtain a new trial—this court has decided that delaying payment on application for a new trial is at the peril of the party delaying. But in going beyond the penalty of the bond the court did not go out of the contract—it is no more than the common case of a bond conditioned for the payment of money lying until the sum mentioned in the condition with the interest of it exceeds the penalty—in which case the court will give the excess as damages for the detention of the debt, in no case however going so far beyond the penalty as to exceed the legal interest on the penalty."

*United States* v. *Arnold*, 1 Gall. 348, was debt on a custom-house bond. At page 360 Story, J., said: "Notwithstanding some contrariety in the books, I think the true principle supported by the better authorities is, that the court cannot go beyond the penalty of the bond and interest thereon from the time it becomes due by the breach." The judgment in this case was affirmed in 9 Cranch 104. This seems to be the law in this country. *Lewis* v. *Dwight*, 10 Conn. 95; *Judge of Probate* v. *Heydock*, 8 N. H. 491; *Mower* v. *Kip*, 6 Paige 88; *Brainard* v. *Jones*, 18 N. Y. 35.

In *Baker* v. *Morris*, 10 Leigh 284, the last point of the syllabus is: "It seems that in an action of debt on a bond at law the surplus interest beyond the penalty may be given in the form of damage."

In *Tazewells* v. *Saunders*, 13 Gratt. 354, it was held, that courts of equity will decree interest on a bond or judgment, beyond the penalty against the principal debtor. In this case, Moncure, J., reviews many authorities including a number of English authorities here cited and relied on by counsel for plaintiffs in error, and comes to the conclusion,

that the English authorities are against the proposition, that anything can be recovered beyond the penalty in an action upon the bond, but that the rule, at least as to the principal debtor, is different in this country. He says, page 368: "I think therefore the true doctrine with us is, that full interest on a bond, or judgment for a penalty, is generally recoverable at law or in equity, though the principal and interest exceed the penalty. The only difference between the two forms being, that according to the strict rules of law, the penalty must still be regarded in form as the debt, and the excess of interest can only be recovered, indirectly in the shape of damages, while equity takes no notice of the penalty, but gives a direct decree for the principal and running interest, as in other cases. Full interest should always be given, though there be a penalty, and the principal and interest exceed it, whenever full interest would be given if there were no penalty. In other words the penalty should have no effect on the question of interest, except in regard to the form of recovering the excess in an action at law upon the bond. What I, have said upon this subject has reference only to the case of a principal debtor. I express no opinion in regard to the liability of a surety beyond the penalty, it being unnecessary to do so."

This reasoning will apply as well to the surety as to the principal, and in a number of the cases, which we have cited, the surety was held liable for interest beyond the penalty. If the principal is bound for such interest in a suit upon the bond, there is no reason in holding that the surety, who was bound in the same bond, should not also be liable. The only reason, upon which it was even contended, that the surety would not be so bound, was, that it was not included in the bond, it was beyond his obligation. If that is true, the principal in an action on that bond should no more than the surety be held, for that was not included in the bond. We think the law is, that the recovery against a principal and surety in a bond for the payment of money is not limited to the penalty but may exceed it, so far as necessary to include interest from the time of the breach. That was what the court did in this case, and in that we think there was no error.

It is insisted here in argument by counsel for plaintiff in error, that the judgment should be reversed, because included in it are the costs of an appeal in the Appellate Court. There is no evidence of such fact in the record.

We see no error in the judgment of the circuit court; and it is therefore affirmed with costs and damages according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.