# WHEELING.

## FLINT *v.* GILPIN.

Submitted June 9, 1887.—Decided June 25, 1887.

1. BREACH OF PROMISE OF MARRIAGE—STATUTE OF LIMITATIONS.

   The statutory bar is one year in an action for damages for the breach of a promise to marry.

2. REVERSAL OF JUDGMENT—PRACTICE AND PLEADING.

   When a proper plea is offered by the defendant and rejected by the inferior court, this Court will presume, that the defendant was prejudiced thereby and reverse the judgment, unless it affirmatively appears by the record that no injury could have resulted to the defendant by such rejection of his plea.

*J. H. Woods* and *J. Morrow, Jr.*, for plaintiff in error.

*L. D. Strader* and *T. A. Bradford* for defendant in error.

SNYDER, JUDGE :

This is an action of trespass on the case in assumpsit brought October 24, 1885, by Alice Flint against Ezra C. Gilpin in the Circuit Court of Randolph county to recover $5,000 damages for an alleged breach of promise by the defendant to marry the plaintiff. The defendant demurred to the declaration, the demurrer was overruled and then defendant pleaded non assumpsit, on which issue was joined, and also tendered a special plea alleging that the cause of the plaintiff's action did not accrue within one year next before the bringing of this action. Upon the objection of the plaintiff this plea was rejected by the court and the defendant excepted. The case was then tried by jury and a verdict found in favor of the plaintiff for $2,500. The defendant made a motion to set aside the verdict on the ground

of excessive damages, which motion the court overruled and entered judgment on the verdict.     The defendant obtained this writ of error.

No defect has been pointed out in the declaration and I have been unable to discover any, therefore there was no error in the action of the court overruling the demurrer.

The only error assigned and insisted upon by the plaintiff in error, is the rejection of the special plea which alleged one year is the limit of the statutory bar to this action. This is the sole question presented by the record.

Our statute declares, that the limitation of all personal actions, if they be for matters of a nature, that in case of the death of the party they could not be brought by or against his representative, shall be one year from the time the right to bring the same shall have accrued, and not after. (Sec. 12, chap. 102, Acts 1882; same as sec. 12, chap. 104 of Code, p. 549.)

As to the cases in which an action may be brought by or against the representative, our statute declares, that, "A personal representative may sue or be sued upon any judgment for or against, or any contract of or with his decedent."— (Sec. 19, chap. 85, Code, p. 504.)

It is apparent that the solution of the cause before us depends upon whether or not the personal representative of a decedent may sue or be sued, either at common law or under the provisions of this statute, on a contract founded upon a promise of marriage.    If an action can not be maintained by or against the representative on such contract, then it is clear that the statutory bar is one year and no more.

The direct question thus presented was decided by the Court of Appeals of Virginia upon full consideration and an able review of the authorities in *Grubb* v. *Sult*, 32 Gratt. 203. In that case at the conclusion of the citation of the authorities denying the right to maintain such an action at common law, the opinion states :    "After this array of authorities— English and American—after the failure of counsel to produce a single case, or even the *dictum* of one author or writer to the contrary, it would seem the height of rashness to insist that an action of this sort can be maintained at

common law against an executor or administrator without averring and proving some special damage sustained. Whether upon such an averment the action can be maintained has not been fully determined."

Then after considering the statute in that case, which is identical with our statute, being in fact the same, the opinion concludes and the court decides that, neither under the common law nor the statute, can an action for the breach of a promise to marry be maintained against the representative of the promisor.

According to the common law, all personal actions died with the person—*actio personalis moritur cum persona.* But this rule has been modified by legislation so that now in this State the representative of a decedent may sue or be sued for any injury done to or suffered by the personal estate of the decedent in his lifetime, whereby it has become less beneficial to the representative, in the same manner as the decedent himself might have done. In cases, however, of injuries to the *person* and not to the *property* or *estate* of the decedent, if either the party who did or he who suffered the injury die, the rule still applies, and no action can be maintained by or against his representative. (*Curry* v. *Mannington,* 23 W. Va. 14.)

Marriage is undoubtedly a civil contract, because consent is necessary to its legal validity, but in its nature, attributes and distinguishing features it is *sui generis.* It is declared a civil contract for certain purposes, but it is not thereby made synonymous with the word contract employed in the common law or statutes. It may be entered into by persons during their minority, and cannot when consummated be dissolved by the parties. It is more than a contract. It requires certain acts of the parties to constitute marriage, independent of and beyond the contract. It partakes more of the character of an institution regulated and controlled by public authority, upon principles of public policy, for the benefit of the community. The relation of the parties is essentially personal. Neither the rights, duties nor obligations created by or flowing from it can be transferred, and an action for a breach of promise to marry, in its main features, has very little resemblance to other contracts. In the latter

the damages are limited by fixed rules to the pecuniary loss sustained, while in the former the damages are in the discretion of the jury to the same extent that they are in strictly personal actions, such as slander, malicious prosecution, assault and battery and the like; and the recovery may be, and usually is, principally for injured feelings, anxiety of mind, wounded pride and blighted affections. In the one case the motives for the violation or breach are immaterial; while in the other the motives and conduct of the defendant and other extrinsic circumstances may be given in evidence, in mitigation or aggravation, and punitive damages may be recovered which can not be done in actions for the breach of ordinary contracts. The controlling consideration in this action is, that it does not relate to property interests, but to injuries to the person; and the compensation or damages for which the recovery is had consists entirely of personal suffering unconnected with the rights of property. ( *Wade* v. *Kalbfleisch*, 58 N. Y. 282; *Zabriskie* v. *Smith*, 13 N. Y. 322.)

It seems to me, therefore, that neither upon principle nor authority can an action for a breach of promise to marry be maintained, under the common law or our statute by or against the personal representative of the deceased promisor, especially when the declaration does not allege special damages affecting the property rights of the plaintiff; and whether or not it is possible to allege and prove such special damages, and whether if so alleged the action could be maintained it is unnecessary to enquire and decide in this case. It is sufficient to state that no such special damages are alleged or claimed in the declaration in the case before us.

It follows necessarily, that this, being an action which could not have been brought against the personal representative of the defendant if he had died, the statutory bar to this action is one year, and the Circuit Court erred in rejecting the plea of the defendant.

It is, however, insisted for the defendant in error, that this Court ought not to reverse the judgment of the Circuit Court, because the plaintiff in error has not shown that he was injured by the rejection of his plea. The rule is settled in this State, that this Court will always presume, that the

defendant was prejudiced by the rejection of a proper plea in the court below, and that unless it affirmatively appears by the record that no injury could have resulted to the defendant by such rejection of his plea, the judgment will be reversed without enquiring whether or not the defendant could have been injured. ( *Van Winkle* v. *Blackford*, 28 W. Va. 671, 684 ; *Hopkins* v. *Richardson*, 9 Gratt. 485.)

Since none of the facts are certified in the record, and nothing appears to repel the legal presumption of injury to the defendant by the rejection of his special plea, the judgment of the Circuit Court must be reversed, the verdict of the jury set aside and a new trial awarded.

REVERSED.	REMANDED.