# CHARLESTON.

QUESENBERRY v. PEOPLE'S BUILDING, LOAN & SAVINGS ASS'N.

Submitted January 25, 1898—Decided March 30, 1898.

1. CORPORATIONS—*Foreign Corporations—Suits.*

   A suit against a foreign corporation may be brought in any county wherein it has estate or debts due it. It is a "non-resident," under clause 3. chapter 123, Code 1891.   (p. 514).

2. NOTARY PUBLIC—*Certificate to Affidavit.*

   A certificate to an affidavit having the caption, "State of West Virginia, County of Summers, to wit," and, after signature of affiant, closing, "Taken, subscribed, and sworn to before me this 22d day of December, 1896, in Summers county.   T. 'N. Read,' Notary Public,"—sufficiently shows that Read is a notary of Summers county.   (p. 515).

3. CORPORATIONS—*Foreign Corporations—Attorney of Record.*

   The appointment by a foreign corporation of an attorney in this State to accept service of process does not make it a domestic corporation.   (p. 516).

4. CORPORATIONS—*Foreign Corporations.*

   A statute merely enabling a foreign corporation to hold property or do business in this State does not make it a domestic corporation.   (p. 516).

5. CORPORATIONS—*Office Judgment—Affidavit of Attorney.*

   An affidavit in a case required of a defendant under section 46, chapter 125, Code 1891, made for a corporation by its attorney therein, not importing that he is conversant with the facts, but stating that he verily believes, from information given him by the corporation, that nothing is due the plaintiff, is not a sufficient affidavit with a plea to set aside an office judgment.   (p. 517).

6. Office Judgment—*Affidavit.*
    The affidavit required of a plaintiff by section 46, chapter 125, Code 1891, may be filed at any time before judgment is entered. (p. 516).

7. Corporations—*Pleading—Verification of Pleading.*
    Who may verify a pleading for a corporation.   (p. 517).

8. Waiver of Motion—*Pleading.*
    An overruled motion to quash a writ or return, made alone before any other defense is presented, is not waived by a subsequent plea.   (p. 517).

9. Appeal—*Pleading—Record.*
    If a plea is rejected, and neither bill of exception nor exception on the record appears, the plea will not be considered in this Court.   (p. 518).

Error to Circuit Court, Summers County.

Action by George O. Quesenberry against the People's Building, Loan & Savings Association in assumpsit.   From a judgment for plaintiff, defendant brings error.

*Affirmed.*

Flournoy, Price & Smith, for plaintiff in error.

Miller & Read, for defendant in error.

Brannon, President:

One objection to the judgment made by defendant is that the action was in the circuit court of Summers county, and the summons against the sole defendant was directed to the sheriff of Pleasants county, and there served, and that its motion to quash the summons ought to have prevailed, as section 1, chapter 123, Code 1891, cl. 2, says that the suit shall be brought in any county, "if a corporation be a defendant, wherein its principal office is, or wherein its president, mayor, or other chief officer resides; or if its principal office be not in this State, and its mayor, president or other chief officer does not reside therein, wherein it does business."   It is argued that in *Humphreys v. Newport Co.*, 33 W. Va. 135, (10 S. E. 39), it is said that a foreign corporation doing business here may be sued in any county prescribed by that section, if service can be there had, and hence the writ could not be directed to or served in another county, and the clause contemplates

that the suit must be where the person on whom service may be made resides, and, where there is no principal office or chief officer in the State, the suit is to be where the corporation does business; and that section 7, chapter 124, Code 1891, says that in such case service may be made on a director, agent, or other officer, and that this shows an officer should be found where the corporation does business; and that this writ was served on an agent of the company appointed under section 24, chapter 54, Code, directing the corporation to appoint some one residing in the county where the corporation does business to accept service of process; that all these things show that the writ must be directed to the county where the suit is brought, and as the process, under *Frazier* v. *Railway Co.*, 40 W. Va., 224, (21 S. E. 723), must be served where the agent resides, — the suit must be brought in his county.    We must distinguish between place of suit and place of service of process; for suit may, under some circumstances, be in one county, and service of process in another.    Ejectment may be in the county where the land lies, and the declaration served in another.    Action to recover property or subject it to a debt may be in one county, and process served in another.    Chapter 123 tells us where the suit is to be.    Chapter 124 tells us how to direct process, and it says it may be directed to any county, with specified exceptions.    *Humphreys* v. *Newport News & M. V. Co.*,  33  W. Va., 135, (10 S. E. 39), was a personal action, and clause 2 of chapter 123 fixed its jurisdiction, as the cause of action arose in Kentucky, and it could claim no other county for jurisdiction, and under its plain terms service must be had there.    But this action finds its jurisdiction in Summers under clause 4, chapter 123, saying:   "If it [suit] be against a nonresident of this State, [in the county] wherein he may be found, or may have estate or debts due him."   In this case there was an attachment, and a bank in Summers county was garnished as indebted to the defendant.    A nonresident is a person.   "Person" includes a corporation, under a statute.   Code, c. 13, s. 17, cl. 9.   So at common law.   It is deemed a person when circumstances in which it is placed are identical with those of a natural person expressly included in a statute,   It is a person in civil proceedings.

*Railroad Co.* v. *Gallahue*, 12 Grat. 655, 663; Bart. Ch. Prac. 580; 4 Am. & Eng. Enc. Law, 206.

Another ground of alleged error is that the return of service does not show that it was in Pleasants county. It says it was executed "by delivering an office copy to J. C. Noland, the attorney of record in this State, appointed by said corporation, and upon whom service of process may be had in Pleasants county, West Virginia, in which county said J. C. Noland resides." The officer did not intend to say that service might be had on the agent in Pleasants county, but, that he served the writ in that county. Punctuation only goes to support this point. It yields to intention. *City of Charleston* v. *Reed*, 27 W. Va., 682.

Another point is that the certificate of the oath to the affidavit for attachment does not show of what county the person administering the oath is notary. It has the caption, "State of West Virginia, County of Summers, to wit," and is signed by Quesenberry, and then has: "Taken, subscribed, and sworn to before me, this 22d day of December, 1896, in Summers county. T. N. Read, Notary Public." This point is seriously made. The officer, in the caption, appeals to Summers county. For what purpose? Clearly to ascribe his authority to it. He swore the party in that county. Shall we not infer that he did not usurp authority by acting when he was a notary of another county? Shall we not say he was a notary of the county named and in which he says he administered the oath? *Hobbs* v. *Shumates*, 11 Grat. 516, meets this objection, holding that a certificate to a deposition headed, "State of Texas, Guadalupe County, to wit," signed, "S. B. Moore, J. P.," was good. 1 Devl. Deeds, § 486, meets it also. See full note on defective certificates of oaths, etc., *Livingston* v. *Kettelle*, 41 Am. Dec. 168. In *Bensimer* v. *Fell*, 35 W. Va., 15, (12 S. E. 1078), we held that, where a certificate of acknowledgment did not show that the party appeared in the county, we would presume he did, and not that the officers usurped authority in another county. For a stronger reason, where a certificate shows the party to be an officer, and that he swore the party in a county, we will say he was an officer of that county.

Another point is made that, as this foreign corporation

has appointed an agent to accept service of process, it is not liable to attachment. It is a foreign corporation, and is a nonresident, and the fact that it owns property here no more converts it into a resident than it converts a nonresident natural person into a resident. It dwells—has its habitat or domicile—in New York, where it was chartered. *Humphreys* v. *Newport News & M. V. Co.*, 33 W. Va. 137, (10 S. E. 39). The section requiring the appointment of such attorney (section 24, chapter 54), simply imposes a penalty for disobedience, and confers no citizenship or residence on foreign corporations, if it applies to them. Section 30, in terms, applies to them, saying that if they comply with that section, they may hold property and do business in this State, and have the same powers, rights, and privileges, and be subject to the same regulations, restrictions, and liabilities, as domestic corporations. Now, though a State may refuse a foreign corporation right to do business in it, or impose terms, this section 30 does only this, and does not transform a foreign corporation into a domestic one. That is not the intention. Bart. Ch. Prac. 580; *Railroad Co.* v. *Harris*, 12 Wall. 65 Beach, Pub. Corp. § 418.

Another point made against the judgment is that the court refused the defendant the right to plead. This refusal rests on the ground that the plaintiff had filed the affidavit as to the amount due required by section 46, chapter 125, Code, and that the affidavit tendered with the plea was not good. The defendant says that to bar a plea the plaintiff's affidavit must be infallibly filed with the declaration, and not later. As the declaration was filed at rules, and the affidavit appears to have been sworn to later, it is contended that it cannot bar a plea. It was sworn to before the second rules. The opinion is expressed in *Hunter* v. *Snyder*, 11 W. Va. 207, that the affidavit may be filed any time before entry of judgment; and though the Code, as it now is, says, if the plaintiff "has filed with his declaration" a certain affidavit, he may have judgment, yet it also says he may file it later. See clause saying that if plaintiff has not filed affidavit with declaration he shall not have judgment until he does file it. The defendant was bound to be at rules and at court to note this affidavit.

If it comes late, it is ground of continuance. There are some other alleged flaws in the affidavit, but I think it substantially sufficient. The affidavit offered by defendant was not made by any officer of the corporation who might be expected to know anything of the indebtedness between the parties. It seems to be the law that, where a pleading of a corporation is to be sworn to, it must be by the president or some officer conversant with the facts. This affidavit was made by the attorney at law of the defendant. What would he know of the indebtedness, unless he would show that he was personally cognizant of the facts? Doubtless there are instances in which an attorney may make affidavit for a corporation; but this is an instance where the affidavit calls for personal knowledge of the facts,—the account between the parties,—if any instance does. But, moreover, this affidavit is heresay on its face, as the affiant says: "I verily believe from the information given me by said association that there is not any sum due from it to the plaintiff upon the demands stated in the plaintiff's declaration, by reason the plaintiff did not have a right of action at the time of the institution of this suit." So it is not only not on his personal knowledge, but positively discloses that it is not, and is therefore incompetent and insufficient. 1 Enc. Pl. & Prac. 326, note 1; Shinn. Attachm. p. 193. § 129. A corporation must answer by its chief officer who has means of knowledge. 2 Beach, Priv. Corp. § 861; 6 Thomp. Corp. § 7626; *Ex parte Sargeant*, 17 Vt. 425.

It is argued that all objection to the writ and return has been waived by the action of the defendant in the circuit court. It first moved the court to quash the summons and return, not expressly limiting appearance to those two purposes, and the court, without further defense by the defendant, acted on that motion by overruling it. Next it demurred to the affidavit filed with the declaration, and such demurrer was overruled. Next it tendered its affidavit to set aside the office judgment, and, it being rejected, it tendered a plea of *non assumpsit*, which was rejected. Now, as a legal question of some importance, did this action by defendant waive any inherent defect in the writ? If we notice closely the decisions as to what appear-

ance waives, we find discrepancy. Some say that, by appearance to the action for any other purpose than to take advantage of the defective execution or nonexecution of process, a defendant waives objection to "defective execution or nonexecution of process," placing himself just as he would be if process had been properly served on him. This statement would not make him waive a fatal defect in the process, but only one in its service. *Groves* v. *County Court*, 42 W. Va. 587, (26 S. E. 460). Other cases go further, and waive both defect in writ and return. *Layne* v. *Railroad Co.*, 35 W. Va. 438, (14 S. E. 123); *Blankenship* v. *Railway Co.*, 43 W. Va. 35, (27 S. E. 355); *Harvey* v. *Skipwith*, 16 Grat. 410. It occurred to me the appearance ought not to waive a defect in the writ, if there is a motion to quash. Would it cure a void writ? I suppose, if there is no motion to quash, appearance would cure a defective, voidable writ, if not a void one. But I did not think that where a defendant moves to quash a writ or return, and is overruled, he must, to get the benefit of the error, retire and plead no further. What reason would forbid his going on with a defense of the merits, which may result in rendering the former error immaterial, or, if defeated, would deprive him of the error in overruling his motion to quash? And I find *Shepherd* v. *Brown*, 30 W. Va. 13, (3 S. E. 186), to this in effect, as it holds that appearance to a motion by consent continuances does not preclude a motion to quash the notice for its defects. Hence the claim made in this case that the inherent defect of the writ, if there were such defect, would be waived by after pleading, is not tenable. Nor do I see how a motion to quash a summons is lost by the failure to state in the record that the appearance is only for that purpose. The motion itself tells that it is the first defense. If it fails, why may he not go on with other defense? The right to quash an attachment is not waived by any appearance in the main action. *Dulin* v. *McCaw*, 39 W. Va. 721, (20 S. E. 681).

I have considered the questions presented for error, but the point is made by the defendant in error that the rejection of the plea and affidavit cannot be considered in this Court, because there is no bill of exception nor exception to such rejection, and I think this point well made. *Shank*

v. *Town of Ravenswood*, 43 W. Va. 242, (27 S. E. 223). Where a plea is allowed over objection, though there be no formal bill of exception, its allowance will be reviewed in this Court if the record shows such objection; but where it is rejected there must be a formal bill of exception, or an exception to the ruling rejecting the plea must be shown by the record. It is true the plea offered was the general issue, *non assumpsit*, which is simply entered of record; but the rule is applicable to all pleas, whether general issues or special pleas, because the idea is that, unless there be an exception in one or the other form, the error is waived. As an original question, I would say that where a plea is offered and rejected, if the order identifies it, that is enough, without exception or bill of exception, as the party cannot logically be deemed to waive the error by mere silence, and it would require a positive waiver. He asked the allowance of the plea, and shall we say he changed his mind with an adverse ruling? The case of *White* v. *Toncray*, 9 Leigh, 347, and later Virginia cases, were not upon such a statute as we have, and may or may not be good law; but with knowledge of those decisions we put into section 9, chapter 131, Code, in 1868, the clause, "Any party may avail himself of any error appearing on the record, by which he is prejudiced, without excepting thereto." Our cases (*Hart* v. *Railroad Co.*, 6 W. Va. 336, and *King* v. *Burdett*, 12 W. Va. 688) followed Virginia cases without referring to this statute. *Sweeney* v. *Baker*, 13 W. Va. 158, so held, with only a word as to the statute; Judge Green saying it only meant to dispense with a bill of exception, not with an exception. In *Perry* v. *Horn*, 22 W. Va. 381, the statute was formally so construed. In *Shank* v. *Town of Ravenswood*, 43 W. Va. 242; (27 S. E. 223), I thought the rule too firmly fixed to depart from it. I think so now. President Lucas, in *Spence* v. *Robinson*, 35 W. Va. 315, (13 S. E. 1004), expressed disapproval of this construction of the statute, saying it was but curtailing the remedial object of a plainly-worded statute. I would concur in that opinion, if it were not contrary to former decisions. The question was not there directly involved. Why was such a statute made, if not to abolish the old rule? But standing to decisions, if we are wrong

in saying the plea and affidavit were properly rejected, for other reasons the decisions cited would deny the defendant the benefit of their rejection. Where a plea or replication is allowed, a mere objection to the plea, shown of record, will give the other party the benefit of error in its admission. Code, c. 125, c. 56; *Bank* v. *Showacre*, 26 W. Va. 48. The doctrine above mentioned was carried so far in *Hart* v. *Railroad Co.*, 6 W. Va. 336, that a party lost the benefit of the striking out of a plea before admitted, which I regard erroneous. That plea was already part of the record, and we might almost as well say that error in sustaining a demurrer to a declaration requires an exception. *Flint* v. *Gilpin*, 29 W. Va. 740, (3 S. E. 33), is cited in a second brief on this point, for what purpose I do not see, as there was an exception in that case to the rejection of the plea.

*Affirmed.*