# CHARLESTON.

## DAWKINS *v.* ELLIS.

Submitted January 25, 1910. Decided April 25, 1911.

1. JUSTICES OF THE PEACE—*Attachment—Pleading.*

In an attachment before a justice, when the ground of attachment justifies the issuance of the writ before maturity of the debt, it is not absolutely essential to set out that the debt is due or when it will become due, if the debt is otherwise sufficiently described. (p. 217).

2.   APPEAL AND ERROR—*Review—Exceptions to Rulings—Motion for New Trial—Necessity.*

Exceptions taken to rulings of the court in the progress of a trial are not available in the appellate court, though made part of the record by bill of exceptions or otherwise, unless the record shows a motion for a new trial made and overruled below and also shows an exception to the action of the court in refusing a new trial.   (p. 218).

Error to Circuit Court, Kanawha County.

Action by J. W. Dawkins against E. S. Ellis. Judgment for plaintiff before a justice, and on appeal to the intermediate court judgment was again rendered for plaintiff, and defendant brings error.

*Affirmed.*

*M. M. Robertson, D. W. Taylor* and *J. A. Seaman,* for defendant in error.

*E. E. Roberston and Linn, Byrne & Linn,* for plaintiff in error.

ROBINSON, JUDGE:

Dawkins sued Ellis before a justice of the peace and took out an attachment with the action on the ground of fraud in the procurement of the debt. The justice gave judgment for plaintiff, and also sustained the attachment. On appeal to the intermediate court, a motion to quash the attachment was overruled, and a trial was had before a jury, which resulted in judgment for plaintiff and an order sustaining the attachment. Defendant was denied a writ of error by the circuit court. Thereafter, he obtained a writ of error from one of the judges of this Court.

The action of the court in overruling the motion to quash the attachment was duly excepted to; and it is relied on as error. The writ of attachment and the affidavit supporting the same are in compliance with the statute for such proceedings before justices. The debt is sufficiently described, and good ground for attachment is sufficiently set forth. It was not absolutely essential to show that the debt was due or to state when it would become due, since the ground of attachment was one which justified the issuance of the writ even before the maturity of the debt. The claim was definitely described by other particulars.

There are two other assignments of error. One relates to the refusal at the trial to exclude alleged improper testimony; the other to the refusal to set aside the verdict and to grant a new trial. Neither of these can be considered, for no exception was taken to the action of the court in refusing to set aside the verdict and grant a new trial. Defendant, as far as the record shows, willingly submitted to the action of the court in this behalf. While there is an exception to the refusal to exclude the alleged improper testimony, yet that can avail nothing without an exception to the court's action in refusing a new trial. The exception in relation to improper testimony was saved as a reason for securing a new trial if the verdict should be against defendant. But defendant did not pursue this line far enough. He did not pursue it at all after there was refusal to set aside the verdict against him. It was still necessary to ask that the verdict be set aside and a new trial awarded, and also to save an exception to the denial of that request. Were we to pass on the exception to the admission of testimony and find that some testimony was improperly admitted, we could not disturb the verdict, since no objection was made to the refusal to disturb it below. The acquiescence in the refusal to grant the major motion so covers the objection to the refusal to grant the minor one that the latter is waived. This rule is established by a pronounced line of authorities in the Virginias. In 5 Enc. Dig., Va. & W. Va., 372, the cases are cited, and the matter is summed up thus: "Where exceptions are taken to rulings of the court in the progress of a trial before a jury, such exceptions are not available in the appellate court, though made part of the record by bill of exceptions or otherwise, unless the record shows that a motion for a new trial was made in the court below and the action of the court in refusing a new trial was excepted to. In the absence of such motion the error will be considered to have been waived."

An order will be entered affirming the judgment.

*Affirmed.*