# CHARLESTON.

THE VALLEY CAMP COAL COMPANY *v.* THE E. M. WICHERT
COMPANY *et al.*

Submitted September 18, 1923.    Decided October 2, 1923.

1.   CORPORATIONS—*Statute for Service by Publication Upon Non-
     residents Held Applicable to Corporations; "Defendant."*

     Section 11, chapter 124, Barnes' Code, 1923, providing that
     "on affidavit that a defendant is not a resident of this state,

* * * * an order of publication may be entered against such defendant", applies to corporations as well as natural persons not residents of this state. (p. 501).

2. SAME—*Statutory Provision as to Publication Against Non-resident Corporation Construed.*

This provision is not modified or affected by the amendment to this section providing that "on affidavit that the defendant is a corporation and that no person can be found in the county upon whom the process can be legally served, an order of publication may be entered against such defendant." (p. 502).

3. SAME—*Affidavit Held Sufficient to Warrant Order of Publication Against Non-resident Corporation.*

An affidavit which states that the defendant corporation is not a resident of this state is sufficient to warrant the entry of an order of publication against it. It need not state that no person can be found in the county where the proceeding is pending upon whom the process can be legally served. (p. 499).

Certified from Circuit Court, Marshall County.

Action by the Valley Camp Coal Company against the E. M. Wichert Company and others. Motion to quash an order of publication, the return thereof, and the affidavit on which the order was awarded was overruled, and question certified.

*Affirmed.*

A. L. *Hooton,* for plaintiff.
James T. *Miller,* for defendants.

MEREDITH, JUDGE:

Under section 1, chapter 106, Code, plaintiff instituted a suit in equity in the circuit court of Marshall County to recover from defendant The E. M. Wichert Company, the sum of $1010.51. An attachment was issued on the ground that defendant is a foreign corporation, and was levied on certain property in that county. No personal service was had upon the defendant, but an order of publication was awarded, published and posted. Defendant appeared specially and moved to quash the order of publication, the return thereof, and the affidavit upon which the order was awarded. The motion was overruled, and the questions arising thereon were certified to this court.

The sole question presented is whether the affidavit upon which the order of publication was awarded is sufficient, under section 11, chapter 124, Barnes' Code, 1923, which in part is as follows:

> "On affidavit that a defendant is not a resident of this state; or that diligence has been used by or on behalf of the plaintiff to ascertain in what county he is, without effect; or that process directed to the officer of the county in which he resides or is, has been twice delivered to such officer more than ten days before the return day, and been returned without being executed; or that the defendant is a corporation, and that no person can be found in the county upon whom the process can be legally served, an order of publication may be entered against such defendant."

The affidavit states that "the defendant; E. M. Wichert Company, Pittsburgh, Pa., a corporation, is a non-resident of the State of West Virginia;" but does not state "that no person can be found in Marshall County upon whom the process can be legally served." Because of this omission, defendant's counsel insists that it is fatally defective and the order of. publication equally so. Counsel seems to have misinterpreted our recent holding in *State v. Young*, 94 W. Va. 7, 117 S. E. 688, where we said:

> "Under section 11, chapter 124, Code, an order of publication against a natural person may issue in a cause upon the plaintiff filing an affidavit with the clerk that (1) the defendant is not a resident of this state; or (2) that diligence has been used by or on behalf of the plaintiff to ascertain in what county of this state the defendant is, without effect; or (3) that process, directed to the officer of the county in this state in which the defendant resides or is, has been twice delivered to such officer more than ten days before the return day, and been returned without being executed."

There the question was whether a natural person had been properly summoned by publication. Service on a corporation was not involved. We were careful there to confine

the language to the facts in that case. We did not say nor mean.to say that an order of publication might not issue in a cause against a corporation upon plaintiff filing an affidavit that it is not a resident of this state. By using the term "natural person" we did not even inferentially exclude corporations from the operation of the statute; nor can it be inferred from anything there stated that in order to obtain an order of publication against a corporation because of its non-residence, the affidavit must show that it is a non-resident and also that no person can be found in the county where the proceeding is upon whom the process can be legally served. That question was not before us, and, so far as we can ascertain, this is the first time it has ever been presented here.

A partial review of the history of our statutes regulating service upon corporations will enable us to inquire into the reasons for the insertion in section 11 of the fourth ground and to see whether that provision at all affects or modifies the first. In the Virginia Code, 1860, section 10, chapter 170, the provision reads:

> "On affidavit that (1) a defendant is not a resident of this state, or (2) that diligence has been used by or on behalf of the plaintiff to ascertain in what county or corporation he is, without effect, or (3) that process directed to the officer of the county or corporation in which he resides, or is, has been twice delivered to such officer more than ten days before the return day, and been returned without being executed an order of publication may be entered against such defendant. And in any suit in equity, where the bill states that the names of any persons interested in the subject to be divided or disposed of, are unknown, and makes such persons defendants by the general description of parties unknown, on affidavit of the fact that the said names are unknown, an order of publication may be entered against such unknown parties. Any order under this section may be entered either in court or at the rules. In a proceeding by petition, there may be an order of publication in like manner as in a suit in equity."

This continued to be the law of this state down to the adoption of our Code of 1868. Some slight but temporary.

additional grounds were provided for obtaining orders of publication against those engaged in insurrection or rebellion, growing out of our Civil War, Acts 1862, ch. 64, and Acts 1863, ch. 27. However, the original language in section 10, chapter 170, Code 1860, remained unchanged until we adopted our code of 1868. In our revision we made two changes. We omitted from the original language the words "or corporation" because we did not continue the Virginia system of corporation courts; but other than this, the language was not changed. However, we added a fourth ground for obtaining an order of publication against corporations, namely, "that the defendant is a corporation and that no person can be found in the county (where the proceeding is) upon whom the process can be legally served." There these words appear for the first time and have so remained unchanged to the present time. How then does this amendment affect the manner of procuring an order of publication against a non-resident corporation? Prior to this amendment the only statute governing service by publication was section 10, chapter 170, Virginia Code 1860. Under it, on plaintiff filing an affidavit that the defendant was not a resident of this state, an order of publication might be awarded, no matter whether the defendant was a natural person or a corporation. *Bank of United States,* 1 Rob. (Va.) 573; *B. & O. R. R. Co.* v *Gallahue's Adm'rs.,* 12 Grat. (Va.) 655. If defendant was a non-resident corporation it was not then necessary to state in the affidavit that no person could be found in the county or corporation where the suit was instituted upon whom the process could be legally served. That the original statute, "On affidavit that a defendant is not a resident of this state, an order of publication may be entered against such defendant," applied to corporations as well as natural persons there can be no doubt. No other statute provided for orders of publication against corporations or natural persons on the ground that they were non-residents. While the term "corporation" is not used in the statute, yet a corporation is included in the term "defendant". "They (corporations) are to be deemed and taken as persons when the circumstances in which they are placed are identical with those of natural persons expressly included in such statutes." *B. & O. R. R. Co.* v. *Galla-*

*hue's Adm'rs., supra; Quesenberry* v. *Peoples' Building & Loan Ass'n.,* 44 W. Va. 512, 30 S. E. 73; West Virginia Code, ch. 13, sec. 17. If under the statute as it existed prior to the amendment, plaintiff might obtain an order of publication against a corporation by filing an affidavit merely stating that it was not a resident of this state, we do not see how the amendment which gives an additional or fourth ground could in any wise affect the first. The original language stating the first ground as above stated was not changed. The amendment is not connected with it. It is separated from it by the sentences setting forth the second and third grounds. There is no connection whatever between the first and fourth. Each ground is separate and distinct. If before the amendment, plaintiff might have an order of publication against a corporation on filing an affidavit merely stating that it was not a resident of this state,—and that is the undoubted meaning of the original statute,—then he may do so now. The original meaning has in no wise been changed.

But the amendment was not adopted without reason. Prior to its adoption, so far as we can find, there was no way provided for obtaining an order of publication against a resident corporation, unless it be found in the second and third grounds, which are inconvenient and cumbersome. Personal service could only be had by service on some designated or chief officer, or by service on an agent and publication of the summons. Code 1860, ch. 170, sec. 7. If all its officers and agents were beyond the state, process could not be served upon them there, nor could an order of publication be awarded against it because of its being a non-resident. Because its officers might migrate to another state, this did not effect a migration of a corporation incorporated in this state. It still remained a resident corporation so far as process from our courts was concerned. Whether an order of publication might issue against it upon either the second or third grounds we need not decide. If it could not, then the amendment was absolutely necessary to enable plaintiff to have an order of publication issue against resident corporation in cases where personal service on its officers or agents could not be had. But if it could be awarded upon either the second or third ground, as already stated, these were inconvenient and cum-

bersome, and the amendment affords a convenient ground for obtaining the order of publication. But whether the fourth ground also applies to non-resident corporations we need not determine. It might be that plaintiff might not know whether the defendant is a non-resident or resident corporation.. He might readily know that no person could be found in the county upon whom process could be legally served. He might not want to take the time required under the second and third grounds to enable him to obtain his order of publication. Hence, in such cases, the amendment would furnish a speedy and convenient ground for obtaining the order of publication; but, as already stated, we need not and therefore do not determine whether the fourth ground is applicable to both non-resident and resident corporations. That it does apply to resident corporations there can be no doubt. But the fact that the fourth may afford a method of obtaining an order of publication against a non-resident corporation in no way places an additional burden upon the plaintiff, if he seeks to procure it upon the first ground. That provision is unaffected by the amendment. A proper form of affidavit in such case is found in 1 Hogg's Equity Procedure (Carlin's Edition) §916, form No. 50, which is substantially like the one in question here.

We therefore affirm the ruling of the circuit court and it will be so certified.

*Ruling affirmed.*