# CHARLESTON.

O. A. KENT v. B. L. AND KATHERINE LAUTHERS.

Submitted December 4, 1923.   Decided December 18, 1923.

APPEAL AND ERROR—*Motion for New Trial and Exception Necessary to Make Exceptions to Rulings Below Available on Appeal.*

Exceptions taken to the rulings of the court in the progress of the trial are not available in the appellate court, though made a part of the record by bill of exceptions or otherwise, unless the record shows a motion to set aside the verdict and grant a new trial, made and overruled below, and also shows an exception to the action of the court in refusing a new trial.

Error to Circuit Court, Cabell County.

Action by O. A. Kent against B. L. Lauthers and another. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*Daugherty & Young,* for plaintiffs in error.

*Lace Marcum* and *John L. Whitten,* for defendant in error.

MCGINNIS, JUDGE:

This is an action of assumpsit brought in the Circuit Court of Cabell County.   The suit was brought at the June Rules, 1922.   The declaration contains a common count in assumpsit, and a special count setting up substantially, that the plaintiff purchased from the defendants a certain five passenger Dort Touring Automobile at the price of $1,000.00 cash and a Maxwell Roadster Automobile at the price of $400.00; and that at the time of said purchase, the defendants undertook and represented and promised the said plaintiff that the said Dort Automobile was unused and free from defects and *in perfection* and was not a second hand car.   And that in truth and in fact the said Automobile was a second hand car and that the same had been sold previously by the defendants to a party who took the said Automobile out of the state and used the same for a period of four weeks thereby wearing and injuring the engine and bearings and other

parts of said automobile, and by reason thereof the plaintiff has been damaged and put to a great charge and expense in and about the keeping of said automobile in condition. Whereupon the said plaintiff says that he has been damaged to the amount of $1,400.00.

The issue was made up and the case tried by a jury on the 28th of September, 1922, and a verdict rendered by the jury for $400.00; a motion was made to set aside the verdict and grant to the defendants a new trial because the same was contrary to the law and evidence, which motion the court over-ruled and entered judgment on the verdict. No exception was taken to the action of the court, in refusing to set aside the verdict and grant a new trial. The defendant below assigns two errors: First, that the court erred in refusing to set aside the verdict and grant a new trial because the same is contrary to the law and the evidence. Second, that the court erred in refusing to give defendants' instruction No. 1, as requested, and erred in modifying said instruction over the objection of the defendants.

The rulings of the lower court were made during the progress of the trial and before the court overruled the motion to set aside the verdict and the defendants below, having failed to have entered upon the record an exception to the ruling of the court in overruling the motion to set aside the verdict of the jury and grant to them a new trial, they are deemed to have waived the errors assigned herein, and this court will not consider the same.

In *Dawkins* v. *Ellis*, 69 W. Va., 218, the opinion of the court, upon this point, by Judge ROBINSON, is as follows: "There are two other assignments of error. One relates to the refusal at the trial to exclude alleged improper testimony; the other to the refusal to set aside the verdict and grant a new trial. Neither of these can be considered, for no exception was taken to the action of the court in refusing to set aside the verdict and grant a new trial. Defendant, as far as the record shows, willingly submitted to the action of the court in this behalf. While there is an exception to the refusal to exclude alleged improper testimony, yet that can avail nothing without an exception to the court's action in refusing a new trial. The exception in relation to im-

proper testimony was saved as a reason for securing a new trial if the verdict should be against the defendant. But defendant did not pursue this line far enough. He did not pursue it at all after there was refusal to set aside the verdict against him. It was still necessary to ask that the verdict be set aside and a new trial awarded, and also to save an exception to the denial of that request. Were we to pass on the exception to the admission of testimony and find that some testimony was improperly admitted, we could not disturb the verdict, since no objection was made to the refusal to disturb it below. The acquiescence  in the refusal to grant the major motion so covers the objection to the refusal to grant the minor one that the latter is waived. This rule is established by a pronounced line of authorities in the Virginias. In 5 Enc. Dig., Va. & W. Va., 372, the cases are cited and the matter is summed up thus: "Where exceptions are taken to rulings of the court in the progress of a trial before a jury, such exceptions are not available in the appellate court, though made a part of the record by bill of exceptions or otherwise, unless the record shows that a motion for a new trial was made in the court below and the action of the court in refusing a new trial was excepted to. In the absence of such a motion the error will be considered to have been waived." *Freeburn* v. *B. & O. Ry. Co.,* 79 W. Va. 789; *Perry* v. *Horn,* 22 W. Va., 381.

It may be argued that the bill of exceptions in this case, properly construed, includes an exception to the ruling of the court in over-ruling the motion to set aside the verdict and grant a new trial but these bills of exception were not signed until after the adjournment of the court in which the case was tried.

"Exceptions for refusal to set aside the verdict and grant a new trial may be made not later than the close of the term." *Gilmer* v. *Sydenstricker,* 42 W. Va., 52, 24 S. E. 566.

For the foregoing reasons, we affirm the judgment of the lower court.

*Affirmed.*